**ARMCO STEEL CORPORATION, Respondent,**

**v.**

**STATE TAX COMMISSION, Appellant.**

**No. 60512.**

Supreme Court of Missouri, en banc.

March 13, 1979.

As Modified On Court's Own Motion April 10, 1979.

Rehearing Denied May 17, 1979.

John D. Ashcroft, Atty. Gen., Stanley Robinson, Asst. Atty. Gen., Jefferson City, for appellant.

W. H. Bates, William K. Waugh, III, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, for respondent.

SEILER, Judge.

■ This case involving the construction of revenue laws is a direct appeal pursuant to Mo.Const. art. V, § 3. The question to be determined is whether, under § 143.040–1, RSMo 1969, respondent Armco Steel Corporation was entitled only to a deduction for Missouri state income tax purposes in 1969 of Armco's proportionate share of the federal income taxes for that year actually paid by it and its subsidiaries as shown in their consolidated federal return (which would be $12,010,748.42) or whether Armco

was entitled to determine its deduction for federal income tax on the basis of what the federal income tax would have been had Armco reported as a separate entity ($17,-358,029.90).

According to the stipulation of facts filed in the circuit court, Armco is an Ohio corporation, authorized to do business in Missouri. None of its subsidiaries do business in Missouri. In 1969, Armco and its subsidiaries filed a consolidated federal tax return. Missouri did not permit the filing of a consolidated return in 1969, and Armco thus filed a tax return in Missouri as a separate corporate entity. In arriving at its Missouri tax liability, Armco, in accordance with its view of § 143.030–1, took a deduction of $17,358,029.90 for federal income tax.

The pertinent portions of § 143.040–1 stated:

"1. Each year, at the times and in the manner now or hereafter provided, a tax shall be levied upon, assessed against, collected from, and paid by every corporation . . . in such percent, as now or hereafter provided, of the net income from all sources in this state during the preceding year . . . From said income shall be deducted all of the ordinary and necessary expenses incurred in this state to produce said income, including . . . such portion of interest paid by the taxpayer and such portion of taxes on income assessed by the United States against the taxpayer as the gross income from all sources within this state shall bear to the gross income of the corporation from all sources."

Armco justifies its action on the theory that while it filed a consolidated federal return, it had an agreement with its subsidiaries by which it was obligated to, and did, reimburse those subsidiaries which sustained losses for federal income tax purposes for 1969 for the tax benefits the inclusion of those loss members in the affiliated group provided the group in filing the consolidated federal return. As a result, Armco says it paid out a total amount equal to what it would have paid had it filed a separate federal return. Thus, it concludes,

to disallow a deduction of an equal amount would be to increase its Missouri tax liability simply because members of the affiliated group outside Missouri sustained losses which lowered the amount of the group's consolidated federal return liability.

The director of revenue, however, did not agree that the intercorporate payments constituted taxes assessed by the federal government. The director assessed Armco an additional amount for 1969, contending that Armco was assessed by the United States, and thus was entitled to deduct, only its proportionate part of the $12,010,-748.42 consolidated federal liability assessed against the affiliated group. The department of revenue confirmed the director's assessment. Armco appealed to the state tax commission which affirmed, whereupon Armco appealed to the circuit court, which reversed the tax commission, and from this reversal the commission has appealed to this court.

The parties agree that the purpose of § 143.040 is to ascertain and tax the net income derived by a corporate taxpayer from its income producing activities in Missouri and that, since Armco is the only member of the affiliated group doing business in Missouri, Armco's deductions should be the amount of federal taxes assessed against it for its income producing activities in Missouri. The question to be resolved then, is what is meant in § 143.040–1 by "[f]rom said income shall be deducted . . . such portion of taxes on income assessed by the United States against the taxpayer . . . ."

Armco primarily contends that "assess" means that amount of federal tax which would be determined on its Missouri income and not the amount actually paid, citing the primary definition of "assess" given in Webster's Third New Int'l Dictionary 131 (1971) as being "to determine the rate or amount of (as a tax, charge or fine)"; that if Missouri is to tax on a separate entity basis, it must permit deductions on that basis. To interpret "assess" to permit Missouri to do otherwise, would be inconsistent; logic requires that income and deductions

be computed on the same basis and by the same accounting system.

In support of its interpretation of the statute, Armco cites *Cities Service Gas Co. v. McDonald*, 204 Kan. 705, 466 P.2d 277 (1970) which involved a similar fact situation. The court therein upheld the taxpayer's claim that payments made to affiliated corporations should be deductible as federal taxes paid or incurred, concluding that as a result the government lost no money and the taxpayer paid no less money than would have been the case had an individual return been filed. However, that case is distinguishable in that a Kansas statute required that the deduction for federal taxes be computed on the same basis as that used to compute net income under the Kansas income tax act, that is, a separate return basis.[1]

In addition, we find the reasoning followed in cases holding that only the amount of federal taxes actually paid may be deducted more persuasive. *See Northern Natural Gas Co. v. Comm'r of Rev.*, 251 N.W.2d 125 (Minn.1977); *Continental Telephone Co. of Utah v. State Tax Comm'n*, 539 P.2d 447, 451 (Utah, 1975); *Standard Oil Co. v. Alabama*, 55 Ala.App. 103, 313 So.2d 532, 537 (1975); *Trunkline Gas Co. v. Collector of Revenue*, 182 So.2d 674 (La. App.1965), *aff'd*, 248 La. 1101, 184 So.2d 25 (1966). These cases considered and rejected arguments similar to Armco's. Armco seeks to distinguish them on the basis that they concern statutes which refer to "taxes paid" rather than "taxes assessed", and that the courts were influenced by state regulations supporting the result reached. While differences in the language of statutes in all the cases require that each be considered on its own facts, we note that "to assess a tax is to declare a tax to be payable", *Valle v. Fargo*, 1 Mo.App. 344 (1876), from which it would follow that the taxes paid would presumably be the taxes assessed. Moreover, even if we accept Armco's primary definition of assessed as "to determine the rate or amount of", the amount "assessed" must be the rate or amount actually determined, and not the rate or amount which would have been determined had a separate federal return been filed.

■ Thus, we conclude that regardless that Armco expended an amount equal to what it would have expended had it filed a separate federal return, it was not assessed that amount. Section 143.040 was not designed to permit a corporation to deduct any expense which it may have incurred as a result of having filed a consolidated federal return, but only to permit it to deduct the actual assessment made against it in order to arrive at a more accurate approximation of its net income from its Missouri business activities. Whatever the business reason for the affiliates joining in the consolidated return, the payments Armco made to its affiliates still remained merely exchanges between affiliated corporations and not taxes assessed by or paid to the federal government.

This can perhaps best be illustrated by the following from Bittker and Eustice, Federal Income Taxation of Corporations and Shareholders, 15 (3d ed. 1971), which notes that the basic concept underlying the consolidated return provisions of the Internal Revenue Code:

"is that the consolidated group constitutes, in substance, a single taxable enterprise, despite the existence of technically distinct entities; as such, its tax liability ought to be based on its dealings with "outsiders," rather than on intragroup transactions. This "single taxpayer" concept lies at the heart of the treatment, both past and present, of intercompany transactions which, in general, are eliminated in computing the group's consolidated taxable income."

As Bittker and Eustice go on to note, "[i]n effect, the results [of filing a consolidated return] are not unlike the "joint return" treatment of husband and wife." *Id.* It is of course appropriate for a husband

---

1. The Kansas statute, KGS 79–3202(8), G.S. 1949, provided: "[t]he word 'paid' means 'paid or incurred' or 'paid or accrued' and shall be construed in accordance with the method of accounting used as a basis for computing net income under this act."

and wife to take advantage of any benefits which will accrue to them by filing a joint rather than individual returns, just as it is appropriate for Armco to utilize the consolidated federal return if to do so will work to its advantage. However, while a husband, who made a profit, may thus file a joint federal return with his wife, who incurred a loss, and thereby reduce their joint federal tax liability, this would afford no justification for the husband then to file an individual Missouri return and claim a right to a federal tax deduction of what his federal tax would have been had he filed an individual federal return. This would be so regardless of the fact that he paid his wife any federal tax savings he realized by her inclusion in the joint return. Such payments would be intra-family exchanges, and could not affect the amount of tax liability which was actually assessed on the federal return or which could be legally deducted on his Missouri return. While of course federal consolidated return provisions are quite complex, and intra-group payments must be taken into account for some purposes, such as the computation of earnings and profits, in a different manner than would be true of intra-family payments, the basic analogy holds.

■ Armco argues further, however, that § 143.200, RSMo 1969, provided that Missouri tax regulations "shall follow as nearly as practicable the rules and regulations prescribed by the United States government on income tax assessments and collections." Armco then points out that § 1.1502–33(d)(2)(ii) of the United States Treasury Income Tax Regulations, which deal with the apportionment of tax liability among members of a consolidated group in the ascertainment of earnings and profits, recognizes the method of allocation utilized by Armco in determining its federal tax liability. Be that as it may, the rule is that the director of revenue cannot interpret the statute in accordance with federal regulations if to do so will change the substantive rules of the Missouri statute. *See Mobil Oil*, 513 S.W.2d at 323 (where federal and Missouri statutes vary, so must their rules, despite § 143.200).

As to deductions, the general rule is that:

"[d]eductions for income tax purposes are a matter of legislative grace. The burden is on the taxpayer seeking a deduction to demonstrate that he comes within the terms of a statute granting that privilege." Mobil Oil Corp. v. State Tax Com'n of Missouri, 513 S.W.2d 319, 322–23 (Mo.1974).

Armco has failed to establish that § 143.-040–1 entitles it to deduct the amount of federal income tax for which it would have been liable had it filed as a separate entity. We thus conclude that the circuit court was incorrect in reversing the tax commission's assessment. The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN, SIMEONE, JJ., and FINCH, Senior Judge, concur.

WELLIVER, J., not participating because not a member of the court when cause was submitted.