MID–AMERICA TELEVISION COMPA-
NY, and Oliver Advertising,
Inc., Appellants,

v.

STATE TAX COMMISSION OF MISSOU-
RI, and Dennis K. Hoffert, Chairman,
and Stephen C. Snyder, Commissioner,
Respondents.

No. 63297.

Supreme Court of Missouri,
En Banc.

May 31, 1983.

Rehearing Denied June 30, 1983.

Joe L. Anderson, Robert E. Zimmerman, Kansas City, for appellants.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

ROBERT E. SEILER, Senior Judge.

We have jurisdiction of this appeal because it involves construction of the revenue laws. Mo. Const., art. V, § 3. The question presented is whether a subsidiary of a parent company is entitled to deduct for Missouri income tax purposes what the subsidiary would have paid in federal income tax had it filed a separate federal return, rather than being included by the parent corporation in the latter's consolidated return.[1] The same issue and largely the same arguments pro and con are presented in four other cases which were argued and submitted on the same day as the present case and which are being handed down concurrently: No. 63348, *Wells Aluminum Inc. v. Administrative Hearing Commission*, 652 S.W.2d 687; No. 63660, *Cities Service Gas Company v. Administrative Hearing Commission*, 652 S.W.2d 684; No. 63667, *Bemis Company, Inc., d/b/a Louisiana Plastics, Inc. v. Administrative Hearing Commission and Bemis Company, Inc., d/b/a Western Litho Plate & Supply Company v. Administrative Hearing Commission*, 685 S.W.2d 652 and No. 63706, *Banquet Foods Corporation v. Administrative Hearing Commission*, 652 S.W.2d 689.

In each instance the taxpayer is seeking to deduct on its Missouri income tax return the full amount of what would have been the taxpayer's federal income tax for the year in question had the taxpayer filed an individual, separate federal income tax return. In each instance the director of revenue disallowed the proposed deduction and instead allowed only a proportionate share of the group's federal tax, which, with minor variations, was ascertained by multiplying the total federal income tax paid by the group times a fraction consisting of the taxable income of the member as the numerator and the taxable income of the entire group as the denominator. The effect of this is to allow the member taxpayer to deduct a portion of the federal tax paid by the group based on the relationship of the member's taxable income to the taxable income of the entire group.

---

1. Consolidated tax returns are popular with American corporations. In 1977, 46,663 consolidated tax returns were filed, including 142,-000 subsidiaries. Total assets of corporations filing consolidated returns for 1977 amounted to about 64 per cent of the total assets of all corporations reporting and income tax from consolidated returns totalled 73 per cent of all corporations reporting. F.W. Peel, Jr. Consolidated Tax Returns (2d Ed.) 1982 Cum.Supp. (Aug.1982) Section 0.02.

During the tax year 1973, appellants Mid-America Television Company (MATV) and Oliver Advertising, Inc. (Oliver) were members of consolidated group of corporations of which Kansas City Southern, Inc. (KCSI) was the parent corporation. Appellants were included in the 1973 federal consolidated income tax return filed by the parent company, KCSI, and its affiliated corporations. The federal income tax paid by the parent corporation under the consolidated return was $14,900.00.

In their Missouri income tax returns, appellants claimed a deduction, respectively, for federal income tax in amounts equal to what the tax would have been had each filed a separate federal income tax return— MATV $63,531.00 and Oliver $50,491.00. These amounts were, in fact, paid by appellants respectively to the parent corporation pursuant to an agreement among the various members of the consolidated group and then by the parent company reimbursed to the loss companies within the group, thereby recognizing the savings to the group of federal tax brought about by the losses incurred by the loss companies. Stated another way, the payments collected from the members of the group in excess of the consolidated federal income tax liability were distributed to those companies whose negative tax liability created the excess.

The department of revenue filed notice of deficiency against appellants, showing additional tax of $2,506.62 and interest against MATV and $2,546.97 and interest against Oliver. The department took the position that appellants would be entitled to deduct only their proportionate share of the actual federal income tax liability of the group. Over appellants' objections, the deficiency notices were sustained and following adverse decisions by the State Tax Commission and the circuit court of Jackson County, appellants appealed here. We affirm.

Although appellants elected to file a consolidated federal income tax return, they were required to file separate state income tax returns as more than 50 per cent of their income was derived from sources out-side the state. Section 143.431.3(1), RSMo 1978.[2] Missouri allows the individual members a deduction for their Missouri adjusted gross income equal to the "federal income tax liability" of that member. Section 143.-171.1 provides:

"A taxpayer shall be allowed a deduction for his federal income tax liability under Chapter 1 of the Internal Revenue Code for the same taxable year for which the Missouri return is being filed . . ."

Appellants, however, as said, did not actually file separate federal income tax returns, so we necessarily must look elsewhere to determine appellants' federal tax deduction in arriving at Missouri taxable income.

Section 143.431.3(4) provides:

"For each taxable year an affiliated group of corporations filing a federal consolidated income tax return does not file a Missouri consolidated income tax return, for purposes of computing the Missouri income tax, the federal taxable income of each member of the affiliated group shall be determined as if a separate federal income tax return had been filed by each such member."

Under this statute, a member of a consolidated group determines its "federal taxable income" allocable to Missouri as if it had filed a separate federal return. Another statute, § 143.431.1, defines "Missouri taxable income" for corporations in terms of federal taxable income. The statute provides:

"The Missouri taxable income of a corporation taxable under § 141.011 to 143.996 shall be so much of its federal taxable income for the taxable year, with the modifications specified in subsections 2 and 3 of this section, as is derived from sources within Missouri as provided in section 143.451. The tax of a corporation shall be computed on its Missouri taxable income at the rates provided in section 143.071."

2. Unless indicated otherwise, all statutory references are to RSMo 1978.

■ Hence, federal taxable income, determined "as if a separate federal income tax return had been filed", becomes the amount of Missouri taxable income to the extent derived from sources within Missouri, but we note that the hypothetical method of computation is mentioned only with regard to computing the taxpayer's "federal taxable income". No hypothetical method is mentioned as to the Missouri deduction for federal income tax.

Appellants would read the foregoing statutes to allow a member of an affiliated group, filing a separate state return, to deduct on its state return the amount of federal income tax it (the member) would have paid to the federal government had it filed a separate federal income tax return. Appellants argue that inasmuch as § 143.-431.3(4), *supra,* directs a member of an affiliated group filing a separate state return to determine its federal taxable income as if it had filed a separate federal return, it follows that such member should also determine its federal income tax deduction in the same manner, i.e., as if it has actually paid such federal income tax. Appellants contend that the term "federal income tax liability" as contained in § 143.171.1, *supra,* does not require actual payment of tax to the federal government; that "liability" pertains only to the amount for which they would have been liable had they filed separate federal returns; that the statute does not specify that the "liability" must be payable to any certain entity.

In *Armco Steel Corporation v. State Tax Commission,* 580 S.W.2d 242 (Mo. banc 1979), this court held that, under the prior law, § 143.030–1, RSMo 1969, which provided for a deduction on the Missouri return for taxes on income "assessed by the United States against the taxpayer as the gross income from all sources within the state shall bear to the gross income of the corporation from all sources", the parent company of a consolidated group filing a consolidated federal income tax return, must determine its deduction for federal income tax on the basis of its proportionate share of the federal income tax for that year actually paid by it and its subsidiaries, not on the basis of what the federal income tax would have been had the parent reported as a separate entity; that taxes on income "assessed by the United States" meant the taxes actually paid.

Appellants contend that the change made in the Missouri income tax laws effective January 1, 1973 requires a different result in this case; that the prior statute allowed a deduction for "taxes assessed", but that under the new statutes, §§ 143.171 and 143.431, a deduction for "federal income tax liability" replaced the "taxes assessed" language; that the change in the statutes was intended to allow for the deduction denied under the prior statute in *Armco;* that had the legislature intended "taxes assessed" to mean the same thing as "federal income tax liability", it would have left the statutory language the same.

We believe appellants misread the statutes. Since Missouri income tax is based upon federal taxable income, see § 143.431.-1, *supra,* some means was necessary to provide corporations required to file Missouri tax returns with a starting point when those corporations were members of an affiliated group which had filed a consolidated return for federal purposes. Such a member corporation would not have a federal taxable income of its own because an individual return was not filed with the federal government; the only federal taxable income available would be that of the affiliated group of which the corporation was a member. In such cases, § 143.431.-3(4), *supra,* allows the individual member required to file a Missouri return to determine its federal taxable income as if a separate income tax return had been filed. Federal taxable income is whatever it turns out to be, regardless of what tax it entails. Federal taxable income can be calculated without reference to the taxes assessable thereon under the Internal Revenue Code.

■ Once the starting point—federal taxable income—has been determined, § 143.431.2 allows the corporations such as appellants to deduct under § 143.171 its share of the federal tax liability of the

consolidated group.[3] The latter section provides the taxpayer "shall be allowed a deduction for his income tax liability under Chapter 1 of the Internal Revenue Code for the same taxable year for which the Missouri return is being filed." Where a corporation derives only part of its income from sources within Missouri, the deduction available under § 143.171 for federal income taxes is allowed only to the extent applicable to Missouri, § 143.451.8.[4]

Section 143.091 states that any term used in the Missouri income tax law is to have the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required by the statutes. The Internal Revenue Code is contained in 26 U.S.C. § 1, *et seq.* Chapter 1 is contained in Subtitle A of the Internal Revenue Code and is entitled "Normal Taxes and Surcharges". Nothing in Chapter 1 relates to intercompany payments, or any sums other than those assessed and payable to the United States government as federal income tax. Under Chapter 6 of the Internal Revenue Code, 26 U.S.C. § 1501, authority for an affiliated group of corporations to file a consolidated return is found, but the section specifically points out that the return is in connection with the income tax imposed by Chapter 1 of the Code. The several liability of the member or subsidiary with respect to the consolidated return is not what the federal income tax would have been for the subsidiary had it filed and been liable on a separate return, but is for the tax computed in accordance with the consolidated return. It is severally liable for the tax liability of the group. See 26 CFR 1.1502–6(a), entitled "Several liability of members of the group" (1982). In the case at bar, the only amount paid as a federal income tax liability for the year 1973 was the amount paid by the affiliated group to which the appellants be-

longed, $14,933.00. The Missouri income tax statutes only allow a deduction for the federal income tax liability under Chapter 1 of the Internal Revenue Code. Deductions from tax are a matter of legislative grace and appellants must demonstrate that they come within the terms of the statute which they claim grants them a privilege. *Armco Steel Corporation, supra,* at 245; *Mobil Oil Corporation v. State Tax Commission of Missouri,* 513 S.W.2d 319, 322–22 (Mo.1974). Appellants have not met that burden. The language of the new statute does not allow a deduction for hypothetical taxes or intercompany payments.

Study of the statutes in their aggregate discloses that the substantive change in the statutes in question from those in force before 1973 is unrelated to the amount of the federal income tax deduction and deals, instead, with the procedural difficulties encountered under the former statute as to the taxable year in which the federal income tax deduction will be allowed in cases where the federal income tax arises from a past taxable year. The new statute, § 143.-171.1, it will be noted, allows a deduction from Missouri income tax for "federal income tax liability . . . for the same taxable year for which the Missouri return is being filed . . ." This means the taxpayer must take its deduction in the year for which it was liable for the additional assessment. Under the former statute there were major problems as to the tax return year in which the deduction should be taken: whether it was the year the taxpayer was liable for the additional federal income tax, or the year the additional income tax was discovered and the right to the Missouri deduction accrued to the taxpayer, or the year the additional income was "assessed", which the *Armco* decision declared was when the tax is actually paid into the United States Treasury. The difference in years may be im-

---

**3.** The pertinent part of § 143.431.2 provides: "There shall be deducted the federal income tax deduction provided in section 143.171." The pertinent part of section 143.171 has been set forth earlier herein, page 676, *supra.*

**4.** The extent applicable to Missouri is determined by multiplying the amount that would otherwise affect Missouri taxable income by the ratio of the Missouri taxable income divided by the taxable income as though the corporation had received all its income from Missouri sources.

portant, as one year contrasted to another may involve tax rate changes or allocation rate changes, or whether there might be a bar of the statute of limitations, or whether the additional federal income must be accounted for in Missouri as concomitant Missouri taxable income. The 1973 amendment avoids the aforementioned procedural problems by changing the year in which the deduction is allowed from the year the taxes were "assessed" to the year for which the return was filed. This change allows the deduction to be based on the tax and allocation rates of the year of the federal tax which allows for the Missouri deduction.

■ Appellants state that it is presumed that the legislature in enacting a new statute on the same subject as the old statute intended to effect some change in existing law, citing *Kilbane v. Director of Revenue,* 544 S.W.2d 9, 11 (Mo.1976). This is generally true, of course, but it also is true that the purpose of a change in the statute can be clarification. *State ex rel. Laclede Gas Co. v. Public Service Commission,* 535 S.W.2d 561, 567 (Mo.App.1976). Certainly it does not follow that because we do not agree with appellants that the new law permits a deduction for what their federal income tax liability would have been had they filed separate federal returns, this means that the legislature engaged in a useless act in enacting the new statutes which have been under discussion. On the contrary, as demonstrated above, numerous changes have been effected, but with respect to the matter of deduction the changes go to the timing of the deduction and not to the issue at hand. We are convinced that the change in the Missouri federal income tax deduction statute was not concerned with the amount of the deduction, but with the many procedural irregularities that arose under the prior statute.[5]

Appellants cite *Cities Service Gas Co. v. McDonald,* 204 Kan. 705, 466 P.2d 277 (1970), which was also relied upon by the taxpayer in *Armco, supra,* as being directly in point, saying that the change in Missouri statutes requires the same favorable result for the taxpayer here, "in that a separate return basis is called for". We disagree. The Kansas court relied on the provisions of the Kansas statute, KGS 79–3202(8), G.S. 1949, which provided the word "paid" with respect to the deduction for federal income taxes paid during the year meant " 'paid or incurred' or 'paid or accrued' and shall be construed in accordance with the method of accounting used as a basis for computing net income under this act." The Kansas court held that the taxpayer "actually incurred and paid federal income tax" under the accounting procedure followed by it and the parent company—that it was the same as if the subsidiary had filed an individual return. To the Kansas court, payment by the subsidiary to the parent company of the amount of federal income tax as shown ·on its separate federal return filed with the parent constituted a tax liability "incurred and paid" by the subsidiary and also, therefore, a deduction from net income in its Kansas income tax return. Missouri statutes contain no such definition of the word "paid" with respect to the federal income tax deduction and, as earlier pointed out, the Missouri statutes allow a deduction only for federal income tax liability under Chapter 1 of the Internal Revenue Code. There is no provision in the Missouri law allowing a deduction to a subsidiary included in a consolidated federal return for what the subsidiary would have paid the federal government had it filed a separate federal return.

Appellants further contend respondent's method for determining the allowable federal income tax deduction and § 143.431 constitute a denial of equal protection and

---

5. Other illustrations are found in § 143.601, RSMo 1978 which makes it a requirement that taxpayers report any changes in their Missouri return for the year in which it was liable for the taxes on additional income and in § 143.711, RSMo 1978, which removes the former four- year statute of limitations and substitutes a period of one year in which the department can issue an additional assessment, once it becomes aware of a taxpayer's failure to comply with § 143.601.

violate that part of art. X, § 3 of the Missouri Constitution which provides "Taxes ... shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." Appellants point out they are part of an affiliated group which does not derive 50 per cent or more of its income from Missouri, so that they are barred by § 143.431.3(1) from filing a Missouri consolidated return; that the decision below places them in a class for taxation to which they do not naturally and reasonably belong and makes them pay more in taxes than those in another consolidated group qualifying to elect to file a Missouri consolidated return or than those corporations which file separate federal and separate Missouri returns; that § 143.431 establishes a classification resting upon no reasonable basis; that classification based upon the geographical source of consolidated income does not accomplish or promote any state policy.

Uniformity of taxation does not require that all subjects of taxation be taxed, and it does not mean universality; it only requires that taxes be uniform as to each class upon which they fall. *Virden v. Schaffner*, 496 S.W.2d 846, 848 (Mo.1973); *State ex rel. Jones v. Nolte*, 350 Mo. 271, 165 S.W.2d 632, 636 (banc 1942). The requirements of § 143.431 and the method by which the director computes the deductions for federal taxes paid by single members of an affiliated group fall alike on all taxpayers. Under § 143.431, any affiliated group of corporations which files a consolidated federal income tax return and derives 50 per cent or more of its income from sources within this state may file a Missouri consolidated income tax return. The tax imposed falls equally upon all members within this classification; the tax imposed falls equally on all taxpayers outside this classification.

The power of the state to classify for the purpose of taxation is broad. For income tax purposes, the taxpayer may be classified upon the reasonable basis of legal organization or the amount or source of income. *Ludlow-Saylor Wire Company v. Wollbrinck*, 275 Mo. 339, 205 S.W. 196, 199–

200 (banc 1918). In this connection it is helpful to be aware of the basic reason for allowing corporations to file consolidated returns. Speaking of the federal statutes, one court has said:

"The basic purpose behind allowing corporations to file consolidated returns is to permit affiliated corporations, which may be separately incorporated for various business reasons, to be treated as a single entity for income tax purposes as if they were, in fact, one corporation." *American Standard, Inc. v. United States*, 602 F.2d 256, 261 (Ct.Cls.1979)

See, also, Federal Income Taxation of Corporations and Shareholders, Bittker and Eustice (4th Ed.1979), § 15.20:

"The basic principle of the consolidated return is that the group is taxed upon its consolidated taxable income, representing principally the results of its dealings with the outside world after the elimination of intercompany profit and loss."

And, at § 15.23:

"The basic concept underlying these provisions is that the consolidated group constitutes, in substance, a single, taxable enterprise, despite the existence of technically distinct entities ..."

Recognition thus has been given to the fact that a group of separate entities under law should be taxed as one when their relationship is such that they can be said to be pursuing a single business purpose. It is not unreasonable that the legislature might decide that an affiliated group of corporations could, under certain circumstances, be taxed somewhat equally with one large corporation performing the same business operations within the same taxing jurisdiction.

The same basic premise can be stated for the allowance of consolidated returns in Missouri. Under certain circumstance, the state is willing to treat an affiliated group pursuing a single business purpose similarly to a single business enterprise. When viewed in this light, the requirement of § 143.431.3(1) that an affiliated group filing a consolidated federal income tax re-

turn must derive 50 per cent or more of its income from sources within the state in order to file a Missouri consolidated income tax return is reasonable. A group deriving less than half of its income from sources within this state can hardly be said to be conducting a unitary business within the state. It is not unreasonable for Missouri to decline to accord such a group the same tax treatment available to a single entity performing all or most of its business operations herein.

This is especially true since the state is only allowed to tax corporations on income derived from sources within this state. The state has little reason to treat an affiliated group as a single taxpaying entity when less than 50 per cent of the group's income is derived from sources within the state, since the income earned by the members of the group outside the state is beyond the state's power to tax. Where less than 50 per cent of a group's income is derived from sources within this state, the constitutional provisions invoked do not preclude the state from imposing the requirements of § 143.- 431.3(1). The fact that more tax may be owed to the state of Missouri by one corporation under one set of circumstances rather than another, without some showing of discrimination or arbitrary or unreasonable classification, is not sufficient to support appellants' claim of constitutional infirmities.

Finally, we note that appellants chose to do business as members of an affiliated group which does not do more than 50 per cent of its business in Missouri. Having put themselves in that position, they are not so situated as to question the burden, if such it proves to be in fact, of not being able to be included in a consolidated Missouri income tax return. *St. Louis Public Service Company v. City of St. Louis,* 302 S.W.2d 875, 879–881 (Mo. banc 1957); *DeMay v. Liberty Foundry Co.,* 327 Mo. 495, 37 S.W.2d 640, 644 (1931). The choice to become part of an affiliated group is legitimate, of course, and there are instances where there is a tax advantage in filing a consolidated federal income tax return to lessen the group's tax liability and permit the funnelling of the savings directly back into the group of subsidiaries for immediate business use. In choosing to operate as a group, however, appellants voluntarily removed themselves from the class with which they now seek to be identified.[6] Additionally, as said earlier, the issue before the tax authorities and on this appeal is the amount of a deduction, not the amount of a tax.[7] The amount of the tax is set by § 143.071, and is 5 per cent for all corpora-

**6.** This circumstance is not mentioned in the dissent.

**7.** The dissent hypothesizes a situation where A and B are identical corporations, doing the same amount of business in Missouri, with A being a subsidiary of a group which filed a consolidated federal income tax return, while B is an independent corporation. It is further assumed that both A and B file separate Missouri returns, with both using federal taxable income as the basis for computing Missouri taxable income, but with only B being permitted to deduct the federal income tax liability as shown on the federal return. This, it is said, constitutes different standards for taxation of corporations within the same class.

The case put overlooks, however, that it is a deduction we are concerned with here and, under the case put, B corporation qualifies for the deduction; A does not. A has no federal income tax liability in the sense that B has. The fact that an affiliated group may elect not to file a Missouri consolidated income tax return under § 143.431.3(1), thus leaving corporation A free to file a separate Missouri return, the same as corporation B, does not change the situation or enlarge the applicability of the deduction permitted by the Missouri statute, § 143.171. It frequently happens that one taxpayer qualifies for a deduction, or for a larger deduction, while another does not. This does not mean the statute is unfairly imposing a greater tax on one than on the other.

On the other hand, if we apply the rationale used in the dissent to the hypothetical there set forth, corporation A would be placed in a much better position than corporation B. This is what appellants seek in the case at bar. A, a subsidiary of a parent corporation, would be permitted to deduct on its Missouri return an amount never paid by it in federal income tax, while B, an independent corporation, could deduct only the amount which it actually paid to the federal government. We see no indication that the legislature intended that any corporation could deduct taxes neither owed nor paid by it to the federal government.

tions, including appellants. We do not believe appellants have established any breach of the constitutional provisions asserted.

As stated earlier, the director of revenue limited the deduction in question to a proportionate share of the actual federal tax liability of the group. In so doing the director in general used the same formula as set forth in 26 U.S.C. § 1552(a)(1), which is one of the four alternative methods provided by § 1552 to determine the amount of consolidated tax liability to be allocated to each member of the group in arriving at their respective earnings and profits.[8] The director applied the ratio of the member's separate federal taxable income tax to the sum of the separate federal taxable incomes of those members of the consolidated group having taxable income to the federal income tax liability of the consolidated group and also took into consideration investment credits and foreign tax credits, if any. This method in effect gives no regard to any losses suffered by members of the group in computing the federal taxable income for purposes of the first ratio in the formula, but such losses are taken into account in determining the federal tax liability of the consolidated group to which the first ratio is applied.

In addition to the other attacks made on the decision of the director referred to earlier herein, appellant Banquet Foods, in No. 63706, contends what the director did amounts to the adoption of a rule or regulation without first complying with the requirements of the Administrative Procedure Act, Chapter 536, RSMo 1978.

However, the real issue here is over whether the various taxpayers are entitled to deduct from their Missouri taxable income what their federal income tax would have been had they filed individual, separate federal income tax returns—is this deduction statutorily authorized? No claim is being made that if the director is correct in disallowing the deductions claimed by the appellants, they nonetheless also object to the deductions which were allowed. We need not go into the aspect of whether the director was correct in arriving at the proportionate deductions as he did if we are satisfied, as we are, that the appellants were not entitled to deduct whatever their respective federal income tax payments would have been had they filed separate federal returns. That question can await a case where it is directly presented.

The judgment is affirmed and the cause is remanded for entry of judgment together

8. 26 U.S.C. § 1552, entitled "Earnings and Profits" is a part of Chapter 6—Consolidated Returns, Internal Revenue Code, and provides:

(a) General rule.—Pursuant to regulations prescribed ... the earnings and profits of each member of an affiliated group required to be included in a consolidated return for such group filed for a taxable year shall be determined by allocating the tax liability of the group for such year among the members of the group in accord with whatever of the following methods the group shall elect in its first consolidated return filed for such a taxable year:

(1) The tax liability shall be apportioned among the members of the group in accordance with the ratio which that portion of the consolidated taxable income attributable to each member of the group having taxable income bears to the consolidated taxable income.

(2) The tax liability of the group shall be allocated to the several members of the group on the basis of the percentage of the total tax which the tax of such member if computed on a separate return would bear to the total amount of the taxes for all members of the group so computed.

(3) The tax liability of the group (excluding the tax increases arising from the consolidation) shall be allocated on the basis of the contribution of each member of the group to the consolidated taxable income of the group. Any tax increases arising from the consolidation shall be distributed to the several members in direct proportion to the reduction in tax liability resulting to such members from the filing of the consolidated return as measured by the difference between their tax liabilities determined on a separate return basis and their tax liabilities based on their contributions to the consolidated taxable income.

(4) The tax liability of the group shall be allocated in accord with any other method selected by the group with the approval of the Secretary.

(b) Failure to elect.—If no election is made in such first return, the tax liability shall be allocated among the several members of the group pursuant to the method prescribed in subsection (a)(1).

with whatever additional interest is determined to be due.

RENDLEN, C.J., HIGGINS, GUNN and DONNELLY, JJ., and DOWD, Special Judge, concur.

WELLIVER, J., dissents in separate opinion filed.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.

WELLIVER, Judge, dissenting.

I respectfully dissent.

Suppose that A and B are identical corporations. Each does the same amount of business in Missouri. A is a member of a group of corporations that files a consolidated federal income tax return, and B is not. B files a separate Missouri return, and A does the same because it does not meet the statutory criteria for filing a consolidated Missouri return. Section 143.431(1), RSMo 1978,[1] requires corporations to use their federal taxable income as the basis for computing their Missouri taxable income. Section 143.431(3)(4) states that if a corporation files separately in Missouri but has no separate federal return, its federal taxable income shall be determined hypothetically as if it had filed a separate federal return. The basis for A's Missouri return thus would be what A's federal return would have been if A had filed as a separate entity rather than as a member of an affiliated group. The principal opinion holds that in this situation B may deduct for Missouri purposes the entire amount of federal income tax due on its separate federal return but that A may not do so. In other words, the principal opinion holds that both A and B must use a separate federal return as the basis for computing Missouri taxable income but that only B can use it for computing the Missouri deduction for federal income tax liability.

I fail to see any rational basis for this distinction. The statute requires corpora-

tions that cannot, or do not, file a consolidated Missouri return to use a separate federal income tax return, whether actual or hypothetical, as the basis for computing Missouri taxable income so that all such corporations are treated equally. Section 143.171, which provides the deduction for federal income tax liability, makes no distinction between an actual separate federal return and a hypothetical one. The use of a hypothetical separate federal return, like the use of an actual one, consequently must extend to all aspects of the computation of Missouri taxable income, including the determination of federal income tax liability that is based upon that return. To hold otherwise is to read into the statute a disparity that the statute itself is designed to avoid.

The principal opinion's argument regarding classification is unpersuasive. We do not deal here with a distinction between those corporations that may file consolidated returns in Missouri and those that may not. All corporations may file separately in Missouri, even if they are entitled to file consolidated state returns. See § 143.-431(3)(1). We deal here with a difference in treatment among those corporations that file separately. That difference is based solely upon the fact that some of those corporations, such as appellants here and A in the example above, file as part of an affiliated group at the federal level. The apparent justification for this distinction is that a corporation somehow gains a benefit from being part of an affiliated group. That premise is not necessarily true, but whether it is true or not is immaterial. We are concerned with what happens at the state, and not the federal, level. Nothing empowers Missouri to impose a greater state income tax on a corporation that is part of an affiliated group simply because the federal tax liability of the group as a whole might happen to be less than that corporation's federal tax liability would have been had it filed separately.[2] There is

---

1. All statutory references are to RSMo 1978.

2. Federal law provides that all members of an affiliated group of corporations filing a consolidated return shall be severally liable for the

no justification for employing two different standards for taxation of corporations within the same class. All corporations that file separate returns in Missouri should be treated equally.

The judgment of the circuit court should be reversed.

entire amount of tax assessed against the group as a whole. *See* 26 C.F.R. § 1.1502–6(a)