**WELLS ALUMINUM, INC., Appellant,**

v.

**ADMINISTRATIVE HEARING COMMISSION, Respondent.**

No. 63348.

Supreme Court of Missouri, En Banc.

May 31, 1983.

Rehearing Denied June 30, 1983.

James W. Kapp, Jr., I. Edward Marquette, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT E. SEILER, Senior Judge.

We have jurisdiction of this review because it involves construction of the revenue laws and is here on a petition for review of a decision of respondent Administrative Hearing Commission. Mo. Const., art. V, § 3; § 161.337, RSMo 1978.

The case is a companion case to No. 63297, *Mid-America Television Company and Oliver Advertising, Inc. v. State Tax Commission*, 652 S.W.2d 674, decided this date, and involves the same questions as to the Missouri income tax deduction allowable under § 143.171, RSMo 1978 for federal income tax liability of a subsidiary or member corporation which participates in filing a consolidated federal income tax return but which files a separate Missouri income tax return.

Wells Aluminum, Inc. (Wells) is a member of a consolidated group of which Revere Copper and Brass, Incorporated is the parent. For the years in question, 1974, 1975, and 1976, Wells joined with the parent and other members of the affiliated group in filing a consolidated federal income tax return. The members of the consolidated group were not eligible to file a consolidated Missouri income tax return during the years in question and therefore Wells filed separate Missouri returns. In preparing its Missouri corporate income tax returns, Wells computed its Missouri taxable income by allocating to Missouri that portion of its federal taxable income (computed as though a separate federal income tax return had been prepared) which was derived from Missouri sources. From the amount so computed Wells took a deduction equal to its federal tax liability, computed as though a separate federal income tax return had been filed. Pursuant to an agreement among the members of the group and in accordance with the financial accounting policy of the group pertaining to the allocation of federal income tax liability, Wells was obligated to and did pay the parent company an amount equal to the federal tax liability which would have been paid to the federal government had Wells filed a federal return on an individual basis.

The director of revenue disallowed Wells' proposed deduction and permitted only a proportionate share of the consolidated group's actual federal income tax liability, determined by multiplying the consolidated group's tax by the ratio of Wells' separate federal taxable income over the federal taxable income of the entire group.

Final notices of deficiency were issued by the director, together with interest to date of notice, as follows:

|      | Additional Tax | Interest |
|------|---------------|----------|
| 1974 | $ 34,093      | $ 7,329.99 |
| 1975 | 20,895        | 3,238.72 |
| 1976 | 32,829        | 3,118.75 |

The director's decision was appealed to the Administrative Hearing Commission, which affirmed the decision of the director. A petition for review was then filed in this court.

The issues in this case are the same as those in No. 63297, *Mid-America Television Company and Oliver Advertising, Inc. v. State Tax Commission, supra.* What was said in that case applies equally here. The judgment is therefore affirmed and the cause is remanded for entry of judgment

together with whatever additional interest is determined to be due.

RENDLEN, C.J., HIGGINS, GUNN and DONNELLY, JJ., and DOWD, Special Judge, concur.

WELLIVER, J., dissents in separate opinion filed.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.

WELLIVER, Judge, dissenting.

I respectfully dissent for the reasons stated in my dissenting opinion in *Mid-America Television Co. v. State Tax Commission,* 652 S.W.2d 674 (Mo. banc 1983), decided herewith.