**BANQUET FOODS CORPORATION,**
**Appellant,**

v.

**ADMINISTRATIVE HEARING**
**COMMISSION, Respondent.**

No. 63706.

Supreme Court of Missouri,
En Banc.

May 31, 1983.

Rehearing Denied June 30, 1983.

Byron E. Francis, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Madeleine O. Birmingham, Richard L. Wieler, Asst. Attys. Gen., Jefferson City, for respondent.

ROBERT E. SEILER, Senior Judge.

We have jurisdiction of this review because it involves construction of the revenue laws and is here on a petition for review of a decision of respondent Administrative Hearing Commission on that subject. Mo. Const., art. V, § 3; § 161.337, RSMo 1978.

This case is a companion case to No. 63297, 652 S.W.2d 674, *Mid-America Television Company and Oliver Advertising, Inc. v. State Tax Commission,* decided this date, and involves the same question as to the Missouri income tax deduction allowable under § 143.171, RSMo 1978 for federal income tax liability of a subsidiary or member corporation which participates in filing a consolidated federal income tax return but which files a separate Missouri income tax return.

Appellant Banquet Foods Corporation (Banquet) is a Delaware corporation doing business in Missouri with its principal place of business in St. Louis and a wholly owned

subsidiary of RCA Corporation (the parent). During the years 1974, 1975 and 1976, Banquet was a member of the RCA affiliated group which filed consolidated federal action. During the years 1974, 1975 and 1976, Banquet was a member of the RCA affiliated group which filed consolidated federal corporate income tax returns for each of said years. In those years RCA, as an affiliated group, did not file consolidated Missouri income tax returns and Banquet filed separate Missouri corporate income tax returns. In computing its Missouri corporate income tax, Banquet deducted an amount for federal taxes paid equal to the amount of federal taxes which would have been paid by it had Banquet filed a federal return on an individual basis.

The director disallowed these deductions and computed the amount of federal income tax liability deductible by appellant for the years in question by first arriving at a percentage determined by dividing Banquet's federal taxable income by the total federal taxable incomes of all companies in the group having taxable income and then multiplying this percentage by the consolidated federal income tax paid by the group for the year in question, less taxes from recomputing prior years' investment credits for the affiliated group. To this figure the director added foreign tax credits attributable to Banquet and recaptured investment credits for Banquets for the various years.

Final notices of deficiency were issued by the director, together with interest to date of notice, as follows:

|  | ADDITIONAL TAX | INTEREST |
| --- | --- | --- |
| 1974 | $ 89,956.00 | $ 14,782.52 |
| 1975 | 130,949.00 | 14,404.39 |
| 1976 | 83,535.00 | 4,176.75 |

The director's decision was appealed to the Administrative Hearing Commission, which affirmed the decision of the director. A petition for review was then filed in this court.

The issues in this case are the same as those in No. 63297, *Mid-America Television Company and Oliver Advertising, Inc. v. State Tax Commission, supra.* What was said in that case applies equally here. The

judgment is therefore affirmed and the cause is remanded for entry of judgment together with whatever additional interest is determined to be due.

RENDLEN, C.J., HIGGINS, GUNN and DONNELLY, JJ., and DOWD, Special Judge, concur.

WELLIVER, J., dissents in separate opinion filed.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.

WELLIVER, Judge, dissenting.

I respectfully dissent for the reasons stated in my dissenting opinion in *Mid-America Television Co. v. State Tax Commission,* 652 S.W.2d 674 (Mo. banc 1983), decided herewith.