SUBURBAN NEWSPAPERS OF GREAT-
ER ST. LOUIS, INC., successor by Merg-
er to:  North County Publications, Inc.,
etc., et al., Appellants,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Respondent.

No. 80305.

Supreme Court of Missouri,
En Banc.

May 26, 1998.

As Modified on Denial of Rehearing
Aug. 25, 1998.

Juan D. Keller, John P. Barrie, Carole L.
Iles, St. Louis, for Appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan
J. Buchheim, Asst. Atty. Gen., Jefferson
City, for Respondent.

PER CURIAM.

In this case we are asked to decide wheth-
er the Administrative Hearing Commission
erred in deciding that the director of revenue
properly exercised her authority under sec-
tion 143.431.3, RSMo 1994, and 12 CSR 10–
2.045(38):(1) retroactively to revoke an affili-
ated group of corporate taxpayers' statutory
obligation to file consolidated Missouri corpo-
ration income tax returns with respect to
taxable years following the filing of a valid
election to file on a consolidated basis and (2)
to require the computation of Missouri corpo-
rate income tax on a separate return basis on
the grounds that the consolidated returns did
not "clearly...reflect the Missouri taxable
income derived from sources within this
state." SECTION 143.431.3(5), RSMo 1994.
This Court has jurisdiction.  Mo. Const. art
V, section 3.  For the reasons that follow, we
reverse and remand the decision of the Ad-
ministrative Hearing Commission.

I.

Appellants, Suburban Newspapers of
Greater St. Louis, Inc.[1] and St. Louis Sun

1.  Successor by merger to North County Publica-
tions, Inc.; St. Charles Journal, Inc.; Jefferson
County Newspapers, Inc.; County Tribune, Inc.;
New West Printing Services, Inc.; and South
County Publications, Inc.

Publishing Co.,[2] are successors by merger of an "affiliated group"—the JCI Group—which files valid consolidated federal corporate income tax returns on a calendar-year basis under 26 U.S.C. sec. 1504. In 1984, the JCI Group made a valid election under section 143.431 [3] to file consolidated Missouri corporate income tax returns—a practice it continued through the tax years at issue in its case.

During the tax years in question, the JCI Missouri corporations managed, published, produced and distributed more than thirty newspapers in the St. Louis area. Most of the newspapers were distributed free of charge and were thus financed by advertising revenues. Advertising consisted of local retail advertising, classifieds, preprint, and national advertising. Advertisers could purchase advertising from a salesperson working for one JCI Missouri corporation, with the ad to appear in any of a number of JCI publications. Advertising revenue was disbursed to the various newspapers based upon their circulation—not based upon which company generated the sale and, thus, the revenue. The publications shared a central classified advertisement operation that sold classified ads. This revenue too was disbursed in proportion to circulation. During the tax years at issue, some JCI corporations were exclusively sales companies, some were exclusively production companies and some performed both. One corporation performed the accounting for all the newspapers. Expenses were attributed to the company that generated them. The AHC found that separate company profit and loss statements were meaningless because they did not match items of income and expense. The AHC found that "[t]he consolidated returns [filed by JCI Group] also accurately reflected the consolidated Missouri taxable income of JCI Group." Thus, the Missouri three-factor apportionment calculations by JCI Group were accurate as to Missouri income tax liability and, as the AHC concluded, were in accordance with generally-accepted accounting principles.

2. Successor by Merger to St. Louis News Services, Inc.

3. Section 143.431.3, RSMo 1994, provides:

(1) If an affiliated group of corporations files a consolidated income tax return for the taxable year for federal income tax purposes and fifty percent or more of its income is derived from sources within this state as determined in accordance with section 143.451, then it may elect to file a Missouri consolidated income tax return. The federal consolidated taxable income of the electing affiliated group for the taxable year shall be its federal taxable income.

(2) So long as a federal consolidated income tax return is filed, an election made by an affiliated group of corporations to file a Missouri consolidated income tax return may be withdrawn or revoked only upon substantial change in the law or regulations adversely changing tax liability under this chapter; or, with permission of the director of revenue upon the showing of good cause for such action. After such a withdrawal or revocation with respect to an affiliated group, it may not file a Missouri consolidated income tax return for five years thereafter, except with the approval of the director of revenue, and subject to such terms and conditions as he may prescribe.

(3) No corporation which is part of an affiliated group of corporations filing a Missouri consolidated income tax return shall be required to file a separate Missouri corporate income tax return for the taxable year.

(4) For each taxable year an affiliated group of corporations filing a federal consolidated income tax return does not file a Missouri consolidated income tax return, for purposes of computing the Missouri income tax, the federal taxable income of each member of the affiliated group shall be determined as if a separate federal income tax return had been filed by each such member.

(5) The director of revenue may prescribe such regulations not inconsistent with the provisions of this chapter as he may deem necessary in order that the tax liability of any affiliated group of corporations making a Missouri consolidated income tax return, and of each corporation in the group, before, during, and after the period of affiliation, may be returned, determined, computed, assessed, collected, and adjusted, *in such manner as clearly to reflect the Missouri taxable income* derived from sources within this state and in order to prevent avoidance of such tax liability. (Emphasis added.)

In 1993, the Missouri director of revenue issued deficiency notices to the JCI Missouri members. The director sought corporate income taxes from each member, for the 1988–1991 tax years, on a separate return basis. The director based this action on regulation 12 CSR 10.045(38).[4] The AHC upheld the director's notices based upon an implied power to revoke the right to file Missouri consolidated returns. The director claimed that "the consolidated returns filed by the [JCI Group] for 1988 through 1991 failed to reflect the taxable income derived by affiliates in Missouri."

Before the AHC, the director stipulated that JCI Group's 1984 election to file Missouri consolidated returns was valid. The director did not challenge the consolidated filing status of JCI for the 1985–1987 tax years. In 1992, after auditing JCI Group's 1988–1991 consolidated returns, the director revoked JCI Group's consolidated returns for those years and recalculated the Missouri income tax liability of certain of the members of the JCI Group on a separate company basis—despite their common parent and valid election. Based on this recalculation, the director found that several of the companies owed Missouri income taxes and issued deficiency notices.

The seven companies that received the deficiency notices appealed to the AHC. Their appeals were consolidated. The AHC issued a decision in the director's favor.

## II.

■ The standard of review, found in section 621.193, RSMo 1994, requires this Court to uphold the decision of the AHC when it is "authorized by law and supported by competent and substantial evidence upon the whole record."

"The basic purpose behind allowing corporations to file consolidated returns is to permit affiliated corporations, which may be separately incorporated for various business reasons, to be treated as a single entity for income tax purposes as if they were, in fact, one corporation."

*Mid–America Television Co. v. State Tax Commission*, 652 S.W.2d 674, 680 (Mo. banc 1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1413, 79 L.Ed.2d 740 (1984), *quoting American Standard, Inc. v. United States*, 220 Ct.Cl. 411, 602 F.2d 256, 261 (1979) ("The basic principle of the consolidated return is that the group is taxed upon its consolidated taxable income, representing principally the results of its dealings with the outside world after the elimination of intercompany profit and loss." Bittker and Eustice, *Federal Income Taxation of Corporations and Shareholders*, sec. 15.20 (4 th ed.1979)).

■ In order to determine whether returns clearly reflect an affiliated group's Missouri taxable income, we look to the statutory factors that are requisite for a multistate company to file as an affiliated group as outlined in chapter 143, RSMo, the three-factor test contained in the multistate tax compact adopted by the legislature for Missouri and found in section 32.200, RSMo 1994—under which JCI Group validly elected to file—and to the facts found by the AHC regarding the inner workings of the group as a whole.

■ JCI Group, in calculating Missouri taxable income for its "family" of affiliated companies, followed the Missouri three-factor apportionment formula as outlined in the

---

4. 12 CSR 10–2.045(38) provides:
Revocation of Right to File Missouri Consolidated Return. The director of revenue, upon finding that the filing of Missouri consolidated returns by the affiliated group does not clearly reflect the Missouri taxable income derived from sources within Missouri and for the purpose of preventing avoidance of Missouri tax liability, may terminate the right of an affiliated group to continue the filing of Missouri consolidated returns or, in the alternative, s/he may distribute, apportion or allocate items of income, deductions, credits or allowances between or among the members of the affiliated group so that the portion of the Missouri consolidated taxable income (all sources) as is derived from sources within Missouri is clearly reflected. The procedure outlined in sections 143.611–143.691, RSMo inclusive, shall be applicable to actions of the director of revenue under section (38).

multistate tax compact.[5] By so doing, JCI Group complied with the Missouri statutory taxing scheme and presented a clear reflection of the affiliated companies' income according to that legislatively-approved standard.

Whether the director of revenue has authority under section 143.431.3 and 12 CSR 10–2.045(38) to retroactively revoke an affiliated group of corporate taxpayers' statutory obligation to file consolidated Missouri corporation income tax returns with respect to taxable years following the filing of a valid election to file on a consolidated basis, and to require the computation of Missouri corporate income tax on a separate return basis is not a question we need address in this case. This is because, assuming *arguendo*, that the director has the power to revoke the "affiliated group" status of a family of companies and recalculate their tax liability, she has that ability only when the consolidated returns do not "clearly...reflect the Missouri taxable income derived from sources within this state." SECTION 143.431.3(5).

JCI Group filed returns in accordance with section 143.431, RSMo 1994, and accurately calculated its Missouri taxable income in accordance with the multistate tax compact. The AHC expressly found that "[t]he consolidated returns also accurately reflected the consolidated Missouri taxable income of JCI Group." Such a finding is *per se* proof that JCI Group's return provided a clear reflection of its Missouri taxable income.

The decision of the AHC is contrary to the evidence upon the whole record. Because our decision on this point is dispositive, we need not consider appellants' other points.

### III.
The decision of the Administrative Hearing Commission is reversed, and the cause is remanded.

BENTON, C.J., and PRICE, LIMBAUGH, COVINGTON, WHITE and HOLSTEIN, JJ., concur.

**5.** The multistate tax compact three-factor apportionment fraction has been held constitutional multiple times. *See, e.g., United States Steel Corp.*

WOLFF, J., not participating because not a member of the Court when the cause was submitted.

*v. Multistate Tax Comm'n*, 434 U.S. 452, 473 n. 25, 98 S.Ct. 799, 54 L.Ed.2d 682 (1978).