KIDDE AMERICA, INC., and subsidiaries, Appellants,

v.

DIRECTOR OF REVENUE, Respondent.

No. SC 87192.

Supreme Court of Missouri, En Banc.

June 30, 2006.

James W. Erwin, Janette M. Lohman, Thompson Coburn, LLP, St. Louis, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., D. Wood Miller, Mo. Dept. of Revenue, Jefferson City, for respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

Kidde America, Inc., and its subsidiaries, seek review of the decision of the Administrative Hearing Commission (AHC) affirming the Director of Revenue's denial of a claim for a refund of corporate income taxes paid by Kidde for the 2000 tax year. Because resolution of this case involves the construction of state revenue laws, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, § 3. The decision of the AHC is reversed, and the case is remanded.

Kidde is the parent corporation of an affiliated group of corporations known as

the Kidde Group. In 2000, Kidde sold Masterchem, one of its subsidiary corporations, and the transaction was treated as a sale of assets for federal income tax purposes so that Masterchem realized a net gain. That gain was reported on Kidde's 2000 consolidated federal corporate income tax return and on Masterchem's separate Missouri 2000 corporate income tax return.

After the due dates for the returns had passed, Kidde determined that it had been misadvised by its accountants and that the tax liability incurred in the Masterchem sale would have been substantially less had Kidde filed a Missouri consolidated corporate income tax return on behalf of all its subsidiaries. To take advantage of that tax savings, Kidde then filed an amended Missouri corporate return in which it made an election to file a Missouri consolidated return and claimed a refund. The Director denied the claim on the ground that an election to file a Missouri consolidated return must be made by the due date (or extended due date) of the original return. And, according to the Director, it cannot be made through the filing of an amended return even though the refund claim was otherwise made within the three-year statute of limitations for seeking a refund of overpaid income taxes as provided in section 143.801.1, RSMo 2000.

This Court reviews the AHC's decisions interpreting revenue laws *de novo* and will uphold those decisions when authorized by law and supported by competent and substantial evidence upon the record. *Cook Tractor Co., Inc. v. Dir. of Revenue,* 187 S.W.3d 870, 872 (Mo. banc 2006).

Section 143.431.3(1), RSMo 2000, allows an affiliated group of corporations to be treated as a single entity for income tax purposes by the filing of a consolidated return. That section states:

If an affiliated group of corporations files a consolidated income tax return for the taxable year for federal income tax purposes ... then it may elect to file a Missouri consolidated income tax return. The federal consolidated taxable income of the electing affiliated group for the taxable year shall be its federal taxable income.

In the absence of any extension of time, income tax returns, including ordinary corporate income tax returns, must "be filed on or before the fifteenth day of the fourth month following the close of the taxpayer's taxable year...." Section 143.511, RSMo 2000. Although there is no statute specifying a deadline for making an election to file a consolidated return, a DOR regulation, 12 CSR 10–2.045(13), serves that purpose by tying the deadline for making an election to the deadline for the filing of the separate Missouri income tax return. In particular, the regulation states that the election to file the consolidated return "must be exercised by the filing of a Missouri consolidated return on or before the due date (including extensions of time) for the filing of the common parent's separate Missouri return."

Kidde concedes that it did not make an election and file a Missouri consolidated return before the deadline for filing its separate Missouri return, but argues instead that the regulation is invalid to the extent that it does not provide for a "good faith" exception comparable to that set out in the corresponding federal regulations. This Court agrees.

Section 143.961.2, RSMo 2000, provides:

The rules and regulations prescribed by the director of revenue shall follow as nearly as practicable the rules and regulations of the Secretary of the Treasury of the United States or his delegates regarding income taxation. Such construction of sections 143.011 to 143.996

will further their purposes to simplify the preparation of income tax returns, aid in their interpretation through use of federal precedents, and improve their enforcement.

To be sure, the Missouri regulation pertaining to the election of consolidated returns, 12 CSR 10–2.045(13), reasonably approximates the language of federal regulation 26 C.F.R. 1.1502–75(a)(1), which states that "[i]f a group wishes to exercise its privilege of filing a consolidated return, such consolidated return must be filed not later than the last day prescribed by law (including extensions of time) for the filing of the common parent's return." However, the Missouri regulation fails to accommodate another equally applicable federal regulation, 26 C.F.R. 301.9100–3, which provides that the Internal Revenue Service will grant taxpayers relief from the deadlines for making regulatory elections, including elections to file a consolidated federal income tax return, where the taxpayers show that they "acted reasonably and in good faith."

 Although section 143.961.2 was enacted in 1973, there are no cases that address the application of the statute to claims of this kind. On its face, the mandate that the director "shall follow as nearly as practicable the [federal] rules and regulations ... regarding income taxation" is unequivocal and unlimited. And clearly the purpose of the statute is to ensure uniformity between the manner in which the state and the federal government impose income taxes in comparable circumstances. This Court has held, however, that section 143.961.2 does not require the Director to follow federal regulations if to do so will change the substantive rules of Missouri law. *Armco Steel Corp. v. State Tax Commission*, 580 S.W.2d 242, 245 (Mo. banc 1979). Nor does it appear that the statute requires the Director to inte-grate the federal regulations, part and parcel, into Missouri law. But where, as here, the Director has promulgated a rule of procedure for which there are corresponding federal rules, then the statute comes into play. Thus, by adopting only the "deadline" part of the corresponding federal regulations, and by omitting the "good faith exception" part, the Director has not followed the federal regulations "as nearly as practicable."

This failure necessitates a holding in favor of Kidde. Under the federal good faith exception, Kidde certainly would qualify for relief from the federal regulatory deadline for making an election to file a consolidated return. In pertinent part, the exception provides that a taxpayer acts reasonably and in good faith when it "[r]easonably relied on a qualified tax professional ... and the tax professional failed to make, or failed to advise the taxpayer to make, the election." 29 C.F.R. 301.9100–3(b)(1)(v). Additionally, the taxpayer acts in good faith unless it "[w]as informed in all material respects of the required election and the related tax consequences, but chose not to file the election." 29 C.F.R. 301.9100–3(b)(3)(ii). Those are the exact circumstances here. Kidde retained Pricewaterhouse Coopers (PwC), an accounting firm of world-renowned stature, to prepare all of its federal and state income tax returns for the 2000 tax year and gave PwC full access to the information needed to prepare the returns. But PwC failed to advise Kidde to make the election to file a consolidated Missouri income tax return, failed to advise Kidde of the adverse consequences, and failed to make the election on Kidde's behalf. Had comparable regulations been in place in Missouri, Kidde would have been allowed to make the late election to file a consolidated Missouri return.

In the absence of such regulations, and for the reasons stated, 12 CSR 10–2.045(13), the Missouri regulatory deadline for making an election to file a consolidated return, as applied to Kidde, is unenforceable. Because Kidde filed its consolidated return within the three-year statute of limitations for filing amended returns, the refund claim must be allowed. The decision of the AHC is reversed, and the case is remanded.

All concur.