STATE of Missouri ex rel. CITY OF
JENNINGS, Missouri, Relator,

v.

The Honorable John J. RILEY,
Respondent.

No. SC 88464.

Supreme Court of Missouri,
En Banc.

Oct. 30, 2007.

W. Dudley McCarter, Edward V. Crites, Timothy J. Reichardt, St. Louis, MO, for Relator.

Donald L. Schlapprizzi, Harold L. Whitfield, St. Louis, MO, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

This case presents the question of where venue lies to bring a tort action against a municipality. Relator, City of Jennings, is a defendant in an underlying wrongful death action filed in the Circuit Court of the City of St. Louis and based on the alleged negligence of a Jennings police officer. Decedent was killed in an automobile collision following a high speed chase in which the police officer pursued decedent from Jennings (located in St. Louis County) to the City of St. Louis, where the collision occurred. Relator filed a motion to transfer venue from the City of St. Louis to St. Louis County, which the cir-

cuit court overruled, but relator then filed a petition for writ of mandamus to compel the transfer, and the court of appeals issued its alternative writ. After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10. The standard of review for writs of mandamus and prohibition, including those pertaining to motions to transfer venue, is abuse of discretion, and an abuse of discretion occurs where the circuit court fails to follow applicable statutes. *State ex rel. Trans World Airlines, Inc. v. David*, 158 S.W.3d 232 (Mo. banc 2005). Having determined that the circuit court correctly followed the applicable venue statutes, the alternative writ is now quashed.

## I.

■ Resolution of this case requires examination of two venue statutes that, on their face and standing in isolation, both purport to apply to the case at hand. Section 508.050, RSMo 2000, states in pertinent part:

> Suits against municipal corporations as defendant or codefendant shall be commenced only in the county in which the municipal corporation is situated....

In contrast, section 508.010.4, RSMo Supp. 2005, states:

> *Notwithstanding any other provision of law*, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action.

(emphasis added). Under section 508.050, venue against the City of Jennings is only proper in St. Louis County because that is where the City is located, but under section 508.010.4, venue against the City of Jennings is only proper in St. Louis City because that is where the plaintiff was

injured. The question, then, is which venue statute trumps the other.

■ That question is resolved by reference to the prefatory words in section 508.010.4, "Notwithstanding any other provision of law." If those words mean what they say, so that section 508.010.4 applies notwithstanding section 508.050, the case should remain in St. Louis City. That is the conclusion that must follow here because the goal of statutory analysis, of course, is "to ascertain the intent of the legislature, as expressed in the words of the statute," and that goal is achieved "by giving the language used its plain and ordinary meaning." *United Pharmacal Co. of Mo., Inc. v. Mo. Bd. of Pharm.*, 208 S.W.3d 907, 909–10 (Mo. banc 2006).

Relator's argument in favor of section 508.050 does not focus on the plain language of the "Notwithstanding" clause, except to the extent that it purportedly places the two statutes in conflict. That conflict, relator contends, should be resolved by reference to the principle of statutory construction that the more specific statute controls over the more general, citing *State ex rel. Casey's General Stores, Inc. v. City of West Plains*, 9 S.W.3d 712 (Mo.App.1999). And here, relator explains, section 508.050 is the more specific statute because it applies only to cases in which defendants are municipal corporations while section 508.010.4 applies to all tort cases regardless of the nature of the defendant.

■ The fallacy of relator's argument, however, is that it presupposes that the statutes are in conflict, which is a precondition to the application of the principles of statutory construction. *United Pharmacal*, 208 S.W.3d at 909–10. In fact, there is no conflict because section 508.010.4, by its plain meaning, expressly applies to the exclusion of all laws to the contrary. In

other words, to say that a statute applies "notwithstanding any other provision of the law" is to say that no other provisions of law can be held in conflict with it. Indeed, the "Notwithstanding" clause does not create a conflict, but eliminates the conflict that would have occurred in the absence of the clause. A conflict would be present, then, only if both statutes included a prefatory "Notwithstanding" clause or if neither statute included such a clause.

Furthermore, *Casey's General Stores, Inc.*, the principal case relator cites in support of the proposition that the more specific statute controls over the more general, is inapposite. In that case, two statutes did in fact conflict. To be sure, one statute was prefaced by a similar "Notwithstanding" clause, but unlike the case at hand, that statute was internally inconsistent, so much so that the extent of the "Notwithstanding" clause was unclear, thus substantiating the conflict with the other statute. *Casey's General Stores, Inc.*, 9 S.W.3d at 719.

Finally, relator complains that the circuit court's ruling denying the motion to transfer venue is, in effect, a holding that section 508.050 has been repealed by implication, and that the repeal of a statute by implication, as opposed to an express repeal, is "rare and disfavored." But neither the circuit court nor this Court holds that section 508.050 has been repealed by implication because that section is still applicable in all actions against a municipality other than actions in tort. The holding of this Court is simply that section 508.050 does not apply in tort cases.

## II.

■ In a fall-back argument, the City of Jennings maintains that the trial court had a duty to sustain its timely-filed motion to transfer venue because plaintiff failed to file a reply as provided in Rule 51.045.

Under Rule 51.045(a), "[a]n action brought in a court where venue is improper shall be transferred to a court where venue is proper if a motion for such transfer is timely filed." Rule 51.045(b) adds that "within thirty days after the filing of a motion to transfer for improper venue, an opposing party may file a reply," but Rule 51.045(c) then provides that "if no reply is filed, the court shall order a transfer of venue to a court where venue is proper." In this case, however, these rules have no application because the threshold showing required in Rule 51.045(a) that the action was "brought in a court where venue is improper" was not met. Venue was not improper in St. Louis City.

In sum, the circuit court correctly concluded that venue was proper in the Circuit Court of the City of St. Louis based on the plain language of section 508.010.4. The alternative writ heretofore issued is quashed.

All concur.