**KIDDE AMERICA, INC., and subsidiaries, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. SC 88482.**

Supreme Court of Missouri, En Banc.

Jan. 15, 2008.

James W. Erwin, Janette M. Lohman, Thompson Coburn, LLP, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, D. Wood Miller, Jefferson City, MO, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

This is a petition for review arising from a decision by the Administrative Hearing Commission denying additional interest claimed by Kidde America, Inc., on an income tax refund from the filing of an amended corporate income tax return. Because resolution of the petition requires construction of the revenue laws of this state, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, sec. 3. Affirmed.

In *Kidde America, Inc. v. Director of Revenue*, 198 S.W.3d 153 (Mo. banc 2006), this Court held that Kidde should have been permitted to file an amended corporate income tax return to exercise its election to file a consolidated return. As a result of that decision, Kidde became entitled to a refund of $5,792,993, plus interest. Kidde sought interest for the period April 16, 2001 to August 2, 2006, based upon

section 143.811.1, RSMo Supp.2005, which provides for interest at 6% per annum where, as here, "the overpayment [of income tax] resulted from the filing of an amendment of the tax by the taxpayer after the last day prescribed for the filing of the return...." The interest due at 6% was $1,840,744.14.

■ The director, however, claimed that the interest for the period January 1, 2003, to August 2, 2006, should instead be calculated according to a new comprehensive statutory scheme for the payment of interest on all tax refunds and tax overpayments, as set out in sections 32.068 and 32.069, RSMo Supp.2005. Section 32.069 states in pertinent part:

1. *Notwithstanding any other provision of law to the contrary,* interest shall be allowed and paid on any refund or overpayment at the rate determined by section 32.068 only if the overpayment is not refunded within one hundred twenty days from the latest of the following dates:

(1) The last day prescribed for filing a tax return or refund claim, without regard to any extension of time granted;

(2) The date the return, payment, or claim is filed; or

(3) The date the taxpayer files for a credit or refund and provides accurate and complete documentation to support such claim.

(emphasis added). Because a refund was not issued within 120 days after the dates set out in section 32.069, interest was payable under section 32.068, which specifies that interest is to be calculated at a rate determined each calendar quarter by the state treasurer "equal to the previous twelve-month annualized average rate of return on all [state] funds...." During the period in question, that rate fluctuated between 1.7% and 3.4% so that the interest due was $1,223,260.51, which the director

has paid. The difference, then, from Kidde's claim of $1,840,744.14 is $617,483.63, which is the amount now in dispute. Resolution of that dispute depends on the proper interpretation of the revenue statutes in question, which is a matter of law, and accordingly, the standard of review is *de novo, Kidde America, Inc.,* 198 S.W.3d at 154.

■ In 2002, the General Assembly enacted S.B. 1248 which, as relevant here, included sections 32.068 and 32.069, which were new provisions, as well as section 143.811, which, in pertinent part, was a reenactment of an existing provision. Kidde's argument is that section 143.811 and sections 32.068 and 32.069 conflict as they provide for different rates of interest on the same income tax refunds and that under well-settled rules of statutory construction, section 143.811 prevails because it is the more specific provision. To be sure, where there is a conflict between statutes enacted at the same time that address the same subject matter, the conflict should be resolved by giving effect to the more specific provision. *Lane v. Lensmeyer,* 158 S.W.3d 218, 225–26 (Mo. banc 2005). Furthermore, section 143.811 is arguably the more specific provision because it applies solely to interest on certain refunds of income taxes, whereas sections 32.068 and 32.069 are the more general because they apply to interest "on any refund or overpayment," not just income tax refunds.

■ Kidde's argument, however, ultimately depends on the existence of a conflict, and on that point this Court disagrees. This Court holds that the statutes do not conflict and that resort to the rule of statutory construction urged by Kidde is unnecessary and inappropriate. Section 32.069 applies "[n]otwithstanding any other provision of law to the contrary," which

means that section 32.069 overrides all provisions that would otherwise be applicable, section 143.811 included. *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 632 (Mo. banc 2007). As this Court held in *Riley*, a "notwithstanding any other provision of law" clause eliminates conflict rather than creates it because "no other provisions of law can be held in conflict with it." *Id.* Indeed, a conflict would exist only if both statutes included a prefatory "notwithstanding" clause or if neither included such a clause. *Id.*

Anticipating this analysis, Kidde points out that section 143.811 was reenacted essentially without change as part of S.B. 1248 and cites *Citizens Bank & Trust Co. v. Director of Revenue*, 639 S.W.2d 833, 835 (Mo. banc 1982), for the proposition that "it is presumed that the Legislature intended the unamended and unchanged sections or parts of the original statute to remain operative and effective, as before the amendatory act." Thus, Kidde concludes, "section 143.811.1 remained effective, even though S.B. 1248 also enacted conflicting interest provisions in the same bill." *Citizens Bank*, however, did not involve a new statute with a "notwithstanding" clause, and the rule of that case does not control. Again, the "notwithstanding" clause in this case precludes the existence of a conflict.

■ But, even without the "notwithstanding" clause, there still is no conflict because the two "conflicting" interest provisions, when read *in pari materia*, can both be given effect, and in fact, the provisions are overlapping, rather than conflicting. Purportedly conflicting statutes, of course, must be read *in pari materia* if, as here, they were passed in the same bill and relate to the same subject matter, and the courts should uphold both, if by any fair interpretation it is possible to do so. *Weinschenk v. State*, 203 S.W.3d 201, 224

(Mo. banc 2006). These statutes can be fairly reconciled by reference to the window of time between the effective dates of their operation. Although S.B. 1248 became effective on August 2002, the new interest calculations under sections 32.068 applied "beginning January 1, 2003," and the rate under the reenacted section 143.811 necessarily applied in the interim. As the director ably explains in her brief, if "the General Assembly had simply repealed section 143.811 ..., the Director would have been left temporarily without authority to pay interest at all, since that authority, until January 1, 2003, was found [only] in section 143.811.1." This Court agrees with the director that this is a fair interpretation of the two provisions that gives effect to both.

For the forgoing reasons, the decision of the Administrative Hearing Commission upholding the director's refusal to pay additional interest is affirmed.

All concur.