In the
 Missouri Court of Appeals
 Western District
 MAURICE P. WEBBER, )
 )
 Appellant, ) WD83591
 )
 v. ) OPINION FILED: June 29, 2021
 )
 STATE OF MISSOURI, )
 )
 Respondent. )

 Appeal from the Circuit Court of Jackson County, Missouri
 The Honorable George E. Wolf, Judge

Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Lisa White Hardwick,
 Judge and Thomas N. Chapman, Judge

 Maurice P. Webber ("Webber") appeals from a judgment denying his Rule 29.151

motion for post-conviction relief following an evidentiary hearing. Webber claims that the

motion court clearly erred in denying the motion because his trial counsel was ineffective

for failing to raise the statute of limitations as a viable defense to sexual offense charges

involving a minor victim. Because Webber did not sustain his burden to prove that trial

 1
 All rule references are to the Missouri Supreme Court Rules (2019), as applicable at the time Webber filed
his Rule 29.15 motion, unless otherwise indicated.
counsel's performance fell below that of a reasonably competent attorney or to prove that

there is a reasonable likelihood the outcome of his case would have been different had the

statute of limitations been raised as a defense at trial, we affirm.

 Factual and Procedural History

 In May 2015, a jury found Webber guilty of three counts of forcible rape, three

counts of forcible sodomy, and one count of attempted forcible sodomy based on his

participation in the September 2, 1991 rape, sodomy, and attempted sodomy of L.O.

("Victim") in Kansas City, Missouri. The trial court sentenced Webber to a total of thirty-

four years' imprisonment: twenty-four years' imprisonment for each of the rape counts, two

of the sodomy counts, and the attempted sodomy count, with the sentences to run

concurrently, and ten years' imprisonment for the remaining sodomy count, to run

consecutively to the other sentences. On direct appeal, we affirmed the convictions,

vacated the sentences, and remanded for the purpose of resentencing. State v. Webber, 504

S.W.3d 221 (Mo. App. W.D. 2016). We issued our mandate on December 28, 2016.

 Webber prematurely filed a pro se Rule 29.15 post-conviction motion on February

27, 2017, while his remanded case was still pending. See McKay v. State, 520 S.W.3d 782,

785-86 (Mo. banc 2017) (holding that a Rule 29.15 motion is premature if filed before the

final mandate in the case, including the entry of sentence). The motion court nonetheless

appointed counsel to represent Webber and afforded a thirty-day extension of time to file

an amended motion. On July 20, 2017, appointed counsel filed an amended motion

("Amended Motion") that alleged Webber's trial counsel was ineffective for failing to raise

as a defense that the statute of limitations had expired for each of Webber's charges.

 2
Specifically, the Amended Motion contended that section 556.037, RSMo Supp. 1997, was

the statute of limitations applicable to each of Webber's offenses, that this statute of

limitations had expired by the time Webber was indicted, and that the outcome of Webber's

case would have been different had the statute of limitations been asserted as a defense.

 While the Amended Motion was pending, Webber waived jury sentencing in his

remanded case, and on November 21, 2018, the trial court entered a judgment sentencing

Webber to twenty years' incarceration on each of the forcible rape and forcible sodomy

counts, with the terms to run concurrently. The State dismissed the attempted forcible

sodomy count. Webber did not appeal this judgment.

 Accordingly, Webber's prematurely filed pro se Rule 29.15 motion was deemed

filed on November 21, 2018. See Rule 29.15(b) ("If the motion is filed prematurely, such

motion shall be considered as filed immediately after sentence is entered if no appeal is

taken, including if no appeal is taken after any remand of the judgment or sentence

following a prior appeal . . . ."). On January 8, 2019, Webber and the State agreed that,

pursuant to guidance in McKay, Webber should be allowed to file another amended motion.

Webber's appointed counsel filed a second amended motion ("Second Amended Motion")

the same day. The Second Amended Motion set forth the same claim of ineffective

assistance of counsel as the Amended Motion.

 The motion court held an evidentiary hearing on the Second Amended Motion on

August 29, 2019. The parties stipulated that Victim was born on November 4, 1973,

making her seventeen years old at the time of Webber's offenses on September 2, 1991. In

 3
addition, the motion court took judicial notice of the file in Webber's underlying criminal

proceedings. Webber and his trial counsel testified.

 Webber testified that he twice asked his trial counsel about a statute-of-limitations

defense. Webber testified that trial counsel first said he would have to research the issue,

and then said that the statute of limitations was not available as a defense to Webber's

crimes. Webber's trial counsel testified that he was sure that he had discussed the

possibility of a statute-of-limitations defense with Webber, and that he had ultimately

concluded, based on his research, that the defense had no merit. Webber's trial counsel

was not asked which statute of limitations he researched, or why he reached the conclusion

that the statute of limitations was not an available defense.

 The motion court issued its findings of fact, conclusions of law, and judgment

denying the Second Amended Motion on January 23, 2020 ("Judgment"). The Judgment

found that Webber had been charged with and convicted of the class A felonies of forcible

rape pursuant to section 566.030, RSMo Supp. 1990, and forcible sodomy pursuant to

section 566.060, RSMo Supp. 1990. The motion court concluded that the statute of

limitations applicable to Webber's crimes was section 556.036.1, RSMo 1986, which

provided that a prosecution for murder or any class A felony "may be commenced at any

time." As such, the motion court rejected Webber's contention that section 556.037, RSMo

Supp. 1997, described the statute of limitations applicable to Webber's offenses. The

motion court concluded that Webber failed to sustain his burden to prove that trial counsel's

performance was deficient or that he suffered prejudice from trial counsel's performance.

 Webber appeals.

 4
 Standard of Review

 Our review of a motion court's denial of a Rule 29.15 post-conviction motion is

"limited to a determination of whether the findings and conclusions of the trial court are

clearly erroneous." Rule 29.15(k). "A judgment is clearly erroneous when, in light of the

entire record, [we are] left with the definite and firm impression that a mistake has been

made." Morrison v. State, 619 S.W.3d 605, 609 (Mo. App. W.D. 2021) (quoting Shockley

v. State, 579 S.W.3d 881, 892 (Mo. banc 2019)). "Even if the stated reason for a motion

court's ruling is incorrect, this Court will affirm the judgment if it is sustainable on other

grounds." Dorsey v. State, 448 S.W.3d 276, 282 (Mo. banc 2014) (citing State v. Swallow,

398 S.W.3d 1, 3 (Mo. banc 2013)).

 Analysis

 Webber argues in a single point on appeal that the motion court clearly erred when

it denied the Second Amended Motion because section 556.037, RSMo Supp. 1997, and

not section 556.036.1, RSMo 1986, was the statute of limitations applicable to the crimes

Webber committed. According to Webber, if section 556.037, RSMo Supp. 1997, applied

to his offenses, the statute of limitations expired on November 4, 2001, ten years after

Victim turned eighteen years old, and well before the State charged Webber via indictment

on August 22, 2014. Because the statute of limitations would have afforded Webber with

a viable defense, Webber argues that trial counsel was ineffective for failing to raise the

defense and that Webber suffered prejudice as a result.

 We need not determine whether the motion court committed clear error when it

reached the legal conclusion that section 556.036.1, RSMo 1986, applied to Webber's

 5
offenses instead of section 556.037, RSMo Supp. 1997. The motion court's Judgment

denying the Second Amended Motion can be sustained on other grounds established by the

record. Dorsey, 448 S.W.3d at 282.

The standard for proving ineffective assistance of counsel

 The standard for a claim of ineffective assistance of counsel was announced in

Strickland v. Washington, 466 U.S. 668 (1984). A claim of ineffective assistance of

counsel requires the movant to prove by a preponderance of the evidence both that: (1) "his

or her counsel failed to exercise the level of skill and diligence that a reasonably competent

counsel would in a similar situation"; and (2) "he or she was prejudiced by that failure."

Kelley v. State, 618 S.W.3d 722, 731 (Mo. App. W.D. 2021) (quoting Johnson v. State, 406

S.W.3d 892, 898-99 (Mo. banc 2013)). The performance prong requires the movant to

overcome the strong presumption that his trial counsel's actions were reasonable and

effective. Id. " The prejudice prong requires the movant to establish that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Id. at 732 (quoting Johnson, 406 S.W.3d at 898-

99). If the movant fails to establish either the performance prong or the prejudice prong,

we need not address or consider the other. State v. Dawson, 611 S.W.3d 761, 769 (Mo.

App. W.D. 2020).

 Webber's claim of ineffective assistance of counsel would require us to determine

that section 556.037, RSMo Supp. 1997, describes the statute of limitations applicable to

his offenses, and not section 556.036.1, RSMo 1986, as the motion court found. Whether

a statute of limitations applies in a criminal case is a question of law. State v. Donelson,

 6
343 S.W.3d 729, 733 (Mo. App. E.D. 2011) (citing State v. Maples, 306 S.W.3d 153, 155

(Mo. App. W.D. 2010)).

 Section 556.036, RSMo 1986, was in effect on September 2, 1991, the date

Webber's offenses were committed. The statute sets forth in separate subsections the

statute of limitations applicable to various classifications of offenses, when the running of

a statute of limitations commences, when a prosecution is deemed commenced for purposes

of calculating the statute of limitations, and when the running of a statute of limitations is

tolled. Pertinent to this case, section 556.036.1, RSMo 1986, provides that "[a] prosecution

for murder or any class A felony may be commenced any time." Though section 556.036.1

was periodically amended between the date of Webber's offenses and August 22, 2014, the

date of Webber's indictment, the statute consistently authorized throughout that time frame

an unlimited statute of limitations for class A felonies.

 Webber was charged with forcible rape and forcible sodomy pursuant, respectively,

to sections 566.030, RSMo Supp. 1990, and 566.060, RSMo Supp. 1990. His charges were

class A felonies under both statutes because Victim was subjected to sexual intercourse

and deviate sexual intercourse with more than one person. See section 566.030, RSMo

Supp. 1990 (classifying forcible rape as a class A felony if the defendant "subjects the

victim to sexual intercourse or deviate sexual intercourse with more than one person");

section 566.060, RSMo Supp. 1990 (classifying forcible sodomy as a class A felony if the

defendant "subjects the victim to deviate sexual intercourse or sexual intercourse with more

than one person").

 7
 Though section 556.036.1, RSMo 1986, applies by its plain terms to Webber's class

A felony offenses, Webber argues that section 556.036.1, RSMo 1986, must yield to the

more specific statute of limitations set forth in section 556.037, RSMo Supp. 1997, which

describes the statute of limitations applicable to "prosecutions for unlawful sexual

offenses" involving minor victims. Webber is correct that as a general proposition, "the

rules of statutory construction are clear that in situations where the same subject matter is

addressed in general terms in one statute [of limitations] and in specific terms in another,

and there is a 'necessary repugnancy' between statutes, the more specific statute [of

limitations] controls over the more general." Robinson v. Health Midwest Dev. Grp., 58

S.W.3d 519, 522 (Mo. banc 2001).

 Section 556.037 was first enacted in 1987. The version of section 556.037, RSMo

Supp. 1991, in effect on the date of Webber's offenses provides:

 The provisions of section 556.036, to the contrary notwithstanding,
 prosecutions for unlawful sexual offenses involving a person seventeen years
 of age or under must be commenced within ten years after commission of the
 offense.

If section 556.037, RSMo Supp. 1991, applied to Webber's case, the statute of limitations

for Webber's offenses would have expired on September 2, 2001, ten years after his

offenses were committed. Webber acknowledges, however, that Missouri courts have long

held that "when a statute is amended prior to the expiration of the original limitations

period," the "new limitations period set forth in the amended statute applies to the original

cause of action." Ferdinand v. State, 480 S.W.3d 330, 333 (Mo. App. W.D. 2016). Before

 8
the limitations period described in section 556.037, RSMo Supp. 1991, could have expired

as to Webber's offenses, the statute was amended to provide:

 The provisions of section 556.036, to the contrary notwithstanding,
 prosecutions for unlawful sexual offenses involving a person eighteen years
 of age or under must be commenced within ten years after the victim reaches
 the age of eighteen.

Section 556.037, RSMo Supp. 1997. If section 556.037, RSMo Supp. 1997, applied to

Webber's offenses, then (according to Webber) the statute of limitations expired on

November 4, 2001, ten years after Victim turned eighteen, and more than a decade before

Webber's August 22, 2014 indictment.

 The class A offenses of forcible rape and forcible sodomy pursuant to section

566.030, RSMo Supp. 1990, and section 566.060, RSMo Supp. 1990, are indisputably

sexual offenses.2 And the State stipulated that Victim was under the age of eighteen when

Webber committed the class A offenses of forcible rape and forcible sodomy. Further, it

is plain that section 556.037, RSMo Supp. 1997, is a more specific statute of limitations

than section 556.036, RSMo 1986. The question, therefore, is whether there is a "necessary

repugnancy" between the general statute of limitations for all crimes set forth in section

556.036, RSMo 1986, and the more specific statute of limitations for "unlawful sexual

offenses involving a person eighteen years of age or under" set forth in section 556.037,

RSMo Supp. 1997, that would require application of the more specific statute to Webber's

offenses.

 2
 Those offenses are found in Chapter 566, "Sexual Offenses." See section 566.030, RSMo Supp. 1990
(criminalizing forcible rape); section 566.060, RSMo Supp. 1990 (criminalizing forcible sodomy).

 9
 The motion court concluded that section 556.037, RSMo Supp. 1997, did not apply

to the sexual offenses of forcible rape and forcible sodomy, whether or not charged as class

A felonies. Though unstated, the motion court effectively concluded that there was no

"necessary repugnancy" between section 556.036.1, RSMo 1986, and section 556.037,

RSMo Supp. 1997, at least with respect to class A felonies. The motion court reached this

conclusion by construing two phrases in section 556.037, RSMo Supp. 1997: (i) "unlawful

sexual offenses involving a person eighteen years of age or under," and (ii) "[t]he

provisions of section 556.036, to the contrary notwithstanding."

 First, the motion court reasoned that the phrase "unlawful sexual offenses involving

a person eighteen years of age or under" refers only to criminal offenses where the age of

the victim is an element of the sexual offense. The motion court thus effectively construed

the word "involving" to limit the phrase "unlawful sexual offenses" to those offenses that

require proof of the age of the victim as an essential element of the crime. Second, the

motion court reasoned that the phrase "[t]he provisions of section 556.036, to the contrary

notwithstanding" only requires application of the more specific statute of limitations in

section 556.037, RSMo Supp. 1997, when the effect would be "to extend the statute of

limitations for crimes that involve the victim's age as an element of the offense and where

a period of limitations would otherwise exist under [section 556.036.2, RSMo 1986]." The

motion court thus concluded that "the legislature did not intend to create a period of

limitations for class A felonies committed against persons under the age of [eighteen]."

And the motion court effectively concluded that section 556.037, RSMo Supp. 1997, and

section 556.036, RSMo 1986, are only "necessarily repugnant" as to require application of

 10
the more specific statute of limitations when the sexual offense charged includes the

victim's age as an essential element, and even then, only where the more specific statute of

limitations would result in a longer statute of limitations for the offense than that

contemplated by section 556.036.2, RSMo 1986.3 To support its construction of section

556.037, RSMo Supp. 1997, the motion court reasoned that it would be an absurd result to

conclude that the General Assembly intended to authorize a shorter statute of limitations

for a sexual offense if the victim is a child instead of an adult.

 The State effectively concedes that it was error for the motion court to construe

section 556.037, RSMo Supp. 1997, as limited in its application to unlawful sexual offenses

where age is an essential element of the crime. However, the State argues that the phrase

"[t]he provisions of section 556.036, to the contrary notwithstanding" in section 556.037,

RSMo Supp. 1997, should be construed (as the motion court found) to require application

of the more specific statute of limitations set forth in section 556.037, RSMo 1997, only

where that statute would result in a longer statute of limitations than that contemplated by

section 556.036.2, RSMo 1986, a conclusion that would have the practical effect of never

applying section 556.037, RSMo Supp. 1997, to unlawful sexual offenses that qualify as

class A felonies.

 We need not resolve this issue of statutory interpretation, however. The State also

argues that even if section 556.037, RSMo Supp. 1997, applies to unlawful sexual offenses

that are class A felonies, Webber nonetheless failed to sustain his burden to establish

 3
 Section 556.036.2, RSMo 1986, authorizes a three-year statute of limitations for any felony; a one-year
statute of limitations for any misdemeanor; and a six-month statute of limitations for any infraction.

 11
ineffective assistance of counsel. The State notes that it would have raised the issue of

tolling had the statute of limitations been raised as a defense by Webber at trial, and that

Webber did nothing during the hearing on his Second Amended Motion to negate the effect

of tolling on the running of his statute of limitations. The State argues that evidence in the

record established that Webber's statute of limitations would have tolled for three years

while Webber was out of state, and that section 556.037, RSMo Supp. 1997, was amended

in 2004 to provide for an unlimited statute of limitations for Webber's offenses before his

tolled statute of limitations expired. We agree.

 Webber's burden to establish ineffective assistance of counsel warranting relief from

his convictions requires more than simply demonstrating that section 556.037, RSMo

Supp. 1997, was the statute of limitations applicable to his offenses. Webber also has the

burden to prove that his trial counsel's decision not to raise the statute-of-limitations

defense fell below an objective standard of reasonableness, and that Webber was

prejudiced because, had the statute-of-limitations defense been raised, there is a reasonable

probability that the outcome of his case would have been different. Kelley, 618 S.W.3d at

731-32. Webber has not sustained this burden.

 Had Webber raised the affirmative defense of the statute of limitations at trial, the

burden would have shifted to the State to show that the statute of limitations had not expired

because it had tolled or was subject to exception. State v. Cotton, 295 S.W.3d 487, 492

(Mo. App. E.D. 2009) ("Requiring a criminal defendant to raise the defense [of the statute

of limitations] in the trial court affords the State an opportunity to respond to the defense,

showing that the statute has not run, that it has been tolled, or that an exception applies.").

 12
However, "[t]he State is not afforded this opportunity if the issue is raised for the first time

on appeal." Id.

 During Webber's direct appeal, Webber attempted to assert a claim of ineffective

assistance of counsel based on trial counsel's failure to raise the statute of limitations as a

defense. Webber, 504 S.W.3d at 230. We held that the "exclusive procedure" to raise the

ineffective assistance of counsel claim would be through Rule 29.15. Id. at 233. In so

concluding, we noted:

 [W]e have no way of determining [from the present record] if the defense
 even applies and thus whether Mr. Webber can show prejudice. Addressing
 Mr. Webber's substantive argument that changes to the statute of limitations
 for a sexual offense involving a minor were not made before they expired in
 his case, the State contends that periods of tolling, i.e., when and if he was
 absent from the jurisdiction, extended the limitations period. These matters,
 as well as the victim's birthdate, a fact we are asked to assume, must be
 established by proof during an evidentiary hearing.

Id. (Emphasis added.) In short, we concluded that "[n]ot only do we reject the contention

that an ineffectiveness claim may be asserted on direct appeal in Missouri, we also lack a

sufficient record to make a determination on the merits of the statute-of-limitations issue

in this case." Id. at 234.

 Section 556.036.6, RSMo 1986, describes the circumstances where a period of

limitations does not run in connection with a criminal offense because it is tolled. Relevant

to this case, section 556.036.6(1), RSMo 1986, provides that, "[t]he period of limitation

does not run[] . . . [d]uring any time when the accused is absent from the state, but in no

 13
case shall this provision extend the period of limitation otherwise applicable by more than

three years."4

 Webber knew when the Second Amended Motion was filed that had the statute of

limitations been raised at trial, the State would have raised in response that the statute's

running was tolled, and that the statute of limitations on which Webber relied had been

amended to become unlimited in duration for his offenses before the tolled statute of

limitations expired. Webber, 504 S.W.3d at 233. And Webber knew that it would be his

burden to establish in connection with his ineffective assistance of counsel claim that

section 556.037, RSMo Supp. 1997, in fact applied to provide him with a viable defense

given the State's tolling contention. Id.; see Rule 29.15(i) (recognizing the movant has the

burden to prove post-conviction claims for relief by a preponderance of the evidence);

Campbell v. State, 598 S.W.3d 611, 613 (Mo. App. S.D. 2020) (recognizing that the

movant has the burden of demonstrating reversible error in an appeal from the motion

court's denial of post-conviction relief). Yet, despite this knowledge, Webber did not

address the issue of tolling during the evidentiary hearing on his Second Amended Motion.

 However, Webber's underlying criminal case file, of which the motion court took

judicial notice, included testimony from Webber's mother during a bond hearing, and

testimony from Webber himself during the sentencing phase of trial, that established that

Webber was enlisted in the United States Marine Corps from 1992 to 1996, and was

stationed in Japan and California during that four-year period of time. Thus, the record

 4
 This tolling provision has not been amended by the General Assembly since Webber's September 2, 1991
commission of forcible rape and forcible sodomy against the victim.

 14
established that, for approximately four years while the period of limitations pursuant to

section 556.037, RSMo Supp. 1997, was running, Webber was absent from the state.

 Section 556.036.6(1), RSMo 1986, thus would have operated to toll the running of

the statute of limitations set forth in section 556.037, RSMo Supp. 1997, for three of the

four years that Webber was enlisted in the Marine Corps and stationed out of state. Rather

than expiring on November 4, 2001 (ten years after Victim turned eighteen years old), the

ten-year period of limitations described in section 556.037, RSMo Supp. 1997, would not

have expired until November 4, 2004. Before that date, though, the General Assembly

amended section 556.037, effective August 28, 2004, to extend the statute of limitations

for "prosecutions for unlawful sexual offenses involving a person eighteen years of age or

under" to "twenty years after the victim reaches the age of eighteen unless the prosecutions

are for forcible rape, attempted forcible rape, forcible sodomy, kidnapping, or attempted

forcible sodomy in which case such prosecutions may be commenced at any time." Section

556.037, RSMo Supp. 2004. Webber concedes that a criminal defendant has no vested

right in a statute of limitations unless that statute of limitations expires before the defendant

is criminally charged. Ferdinand, 480 S.W.3d at 333 (holding that "when a statute is

amended prior to the expiration of the original limitations period," the "new limitations

period set forth in the amended statute applies to the original cause of action"). Webber

thus concedes that if section 556.036.6(1), RSMo 1986, applied to toll the statute of

limitations in section 556.037, RSMo Supp. 1997, for three years, then section 556.037,

RSMo Supp. 2004, is the statute of limitations applicable to his offenses, and his

 15
prosecution for the class A felonies of forcible rape and forcible sodomy could have been

commenced at any time.

 Webber's trial counsel testified during Webber's evidentiary hearing that he

discussed the statute of limitations with Webber, that he researched the statute of

limitations, and that he determined and reported to Webber that the defense was not

available. Webber did not elicit testimony from his trial counsel about why trial counsel

reached this conclusion. However, trial counsel's conclusion can be readily explained by

the fact the statute of limitations set forth in section 556.037, RSMo Supp. 1997, tolled for

three years while Webber was out of state, and was amended before it expired to authorize

an unlimited statute of limitations for Webber's sexual offenses. There is a strong

presumption that trial counsel's actions were reasonable and effective. Kelley, 618 S.W.3d

at 731. Webber did not overcome that presumption. Instead, it appears that trial counsel's

determination that Webber did not have an available statute of limitations defense was

legally correct. Trial counsel is not ineffective for failing to assert a defense that would

not be meritorious. See Wickizer v. State, 617 S.W.3d 885, 891 (Mo. App. W.D. 2021)

("Counsel will not be deemed ineffective for failing to make nonmeritorious objections."

(quoting Hays v. State, 484 S.W.3d 121, 136 (Mo. App. W.D. 2015)). Correspondingly,

Webber did not sustain his burden to establish prejudice, as he cannot demonstrate that had

trial counsel raised the defense of the statute of limitations, the outcome of his case would

have been different.

 Webber does not contest that evidence in the record presented to the motion court

established that he was out of state for four years while the statute of limitations described

 16
in section 556.037, RSMo Supp. 1997, was running. And he does not contest that it was

his burden to negate the issue of tolling in connection with his claim of ineffective

assistance of counsel based on a failure to raise the affirmative defense of the statute of

limitations at trial. Instead, Webber argues in his reply brief 5 that section 556.036.6(1),

RSMo 1986, did not apply to toll the statute of limitations in section 556.037, RSMo Supp.

1997, because every version of section 556.037 since its enactment in 1987 includes either

the phrase "[t]he provisions of section 556.036, to the contrary notwithstanding," or

"[n]otwithstanding the provisions of section 556.036." Webber reasons that

notwithstanding means notwithstanding, and that as a result, no subsection of section

556.036, RSMo 1986, is applicable to calculating the statute of limitations under section

556.037, RSMo Supp. 1997. We disagree.

 The phrase "[t]he provisions of section 556.036, to the contrary notwithstanding"

signifies the General Assembly's intent to apply section 556.037, RSMo Supp. 1997, when

its provisions are in direct conflict with section 556.036, RSMo 1986. State ex rel. City of

Jennings v. Riley, 236 S.W.3d 630, 632 (Mo. banc 2007) ("[T]o say that a statute applies

'notwithstanding any other provision of the law' is to say that no other provisions of law

 5
 Though the State raised the issue of tolling in Webber's 2016 direct appeal of his convictions and Webber's
claim for post-conviction relief hinged on his ability to establish that the period of limitations for bringing a
prosecution for the September 2, 1991 forcible rape and forcible sodomy of Victim had expired, Webber did not
address why the period of limitations did not toll while he was enlisted in the Marine Corps and stationed in Japan
and California with the motion court or in his appellant's brief. Webber bore both the burden to establish that he is
entitled to post-conviction relief and the burden to demonstrate on appeal that the motion court committed reversible
error. See Rule 29.15(i) (recognizing the movant has the burden to prove post-conviction claims for relief by a
preponderance of the evidence); Campbell v. State, 598 S.W.3d 611, 613 (Mo. App. S.D. 2020) (recognizing that the
movant has the burden of demonstrating reversible error in an appeal from the motion court's denial of post-
conviction relief.). Despite this fact, Webber made no effort to address this potential basis for rejecting his claim of
ineffective assistance of counsel until his reply brief.

 17
can be held in conflict with it."), superseded on unrelated grounds by rule as stated in State

ex rel. Vacation Mgmt. Sols., LLC v. Moriarty, 610 S.W.3d 700, 702 n.2 (Mo. banc 2020).

General provisions of section 556.036, RSMo 1986, that define when an offense is deemed

committed for the purpose of determining when a period of limitations begins to run

(subsection 4); when a prosecution is deemed commenced for the purpose of calculating

whether the statute of limitations has already expired (subsection 5); and when a period of

limitation is tolled for the purpose of calculating whether a period of limitations

temporarily stops running (subsection 6), are not in direct conflict with any provision of

section 556.037, RSMo Supp. 1997. The generally applicable subsections of section

556.036, RSMo 1986, are thus not subject to the "notwithstanding" clause in section

556.037, RSMo Supp. 1997. In fact, to hold otherwise would afford a meaning to the

"notwithstanding" clause that is not supported by case law or the plain and ordinary

meaning of the term. And to hold otherwise would create, in lieu of resolving, conflict, as

there would no guidance available to determine how to calculate the period of limitations

described in section 556.037, RSMo Supp. 1997, while the statute of limitations applicable

to all other criminal offenses would be subject to consistent calculation pursuant to

guidance provided by sections 556.036.4, .5, and .6, RSMo 1986.6

 6
 We therefore need not address, and do not decide, whether the period of limitations for class A felonies set
forth in section 556.036.1, RSMo 1986 (unlimited), and the period of limitations for all other felonies set forth in
section 556.036.2, RSMo 1986 (three years), directly conflict with the more specific period of limitations set forth in
section 556.037, RSMo Supp. 1997, for unlawful sexual offenses involving any person eighteen years of age or
under (ten years after the victim turns eighteen). It is enough to hold, as we do, that even if said provisions are in
direct conflict, section 556.036.6, RSMo 1986, is not in direct conflict with section 556.037, RSMo Supp. 1997,
requiring the conclusion that the general tolling provision applies to all statutes of limitation, whether set forth in
sections 556.036.1 and .2, RSMo 1986, or in section 556.037, RSMo. Supp. 1997.

 18
 We therefore reject Webber's contention that section 556.036.6, RSMo 1986, is not

applicable to section 556.037, RSMo Supp. 1997, because of the "notwithstanding" clause.

Because section 556.036.6(1), RSMo 1986, applies to toll the statute of limitations

described in section 556.037, RSMo Supp. 1997, and because Webber did not establish

that the statute of limitations in section 556.037, RSMo Supp. 1997, did not toll as to his

offenses, or expire before it was amended by section 556.037, RSMo Supp. 2004, the

record supports the conclusion that Webber's offenses were subject to the unlimited statute

of limitations described in section 556.037, RSMo Supp. 2004. Webber failed to meet his

burden to establish that trial counsel's failure to raise the defense of the statute of limitations

fell below an objective level of reasonableness, and to establish that he suffered prejudice

therefrom.

 The motion court did not clearly err when it denied Webber's Second Amended

Motion, though we reach that conclusion for a different reason supported by the record

than that relied on by the motion court in its Judgment.

 Webber's point on appeal is denied.

 Conclusion

 The Judgment is affirmed.

 Cynthia L. Martin, Judge

All concur

 19