

# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. MONSANTO COMPANY, )
                                                    )     *Opinion issued August 15, 2023*

     Relator, )

v. )     No.  SC99942

THE HONORABLE MICHAEL MULLEN, )

     Respondent. )

### ORIGINAL PROCEEDING IN PROHIBITION

The plaintiffs in the separate underlying cases filed claims in the city of St. Louis circuit court against the Monsanto Company seeking monetary damages due to injuries Monsanto allegedly caused. In response, Monsanto sought to transfer venue over plaintiffs' claims to St. Louis County. Following the circuit court's refusal to transfer venue to St. Louis County, Monsanto petitioned this Court for a writ of prohibition or mandamus, and this Court issued a preliminary writ. Because Missouri law requires the circuit court to transfer venue of five of the six plaintiffs' claims, the preliminary writ is made permanent as to the claims made by those plaintiffs.

**Background**

The six individual plaintiffs in the instant matter allege they were injured as a result of exposure to Roundup, a herbicide manufactured by Monsanto. Their claims were originally filed as part of five separate cases dating from 2017 to 2021. Although none of the six plaintiffs allege they were first injured in Missouri, the petitions filed in the five cases were each filed in the city of St. Louis circuit court. Plaintiff Martin Griswold filed his claims as part of an 82-plaintiff petition in *Denise Albanese, et al. v. Monsanto Co.*, No. 1922-CC11226. Plaintiff Angela Sadowski filed her claims as part of a 79-plaintiff petition in *Sharon Baldwin, et al. v. Monsanto Co.*, No. 1922-CC11237. Plaintiffs Stephen Powers and Derrick Sisk filed their claims as part of an 89-plaintiff petition in *James Martin III, et al. v. Monsanto Co.*, No. 1722-CC10879. Plaintiff Linda Eugster filed her claims in a single-plaintiff petition in *Linda Eugster v. Monsanto Co.*, No. 2122-CC09039. Finally, plaintiff Corey Swanson filed his claims in a single-plaintiff petition in *Corey Swanson v. Monsanto Co.*, No. 2122-CC09140.

It is uncontested Monsanto filed a motion to transfer venue as to five of the plaintiffs in the instant case – plaintiffs Griswold, Sadowski, Powers, Sisk, and Eugster. In each motion, Monsanto sought to transfer venue to St. Louis County, the location of its registered agent as of the date each respective suit was filed, pursuant to section 508.010.5.[1]

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated. Although sections 507.040 and 508.010 were amended in 2019, the amendments do not affect the issues presented in this case except as discussed below.

Monsanto, however, did not file a motion to transfer venue in plaintiff Swanson's individual case despite being served with the petition on November 17, 2021.

All six plaintiffs moved to consolidate their individual claims and schedule their separate claims for one trial. The circuit court entered an order on December 17, 2021, sustaining plaintiffs' motion and consolidating the six plaintiffs' claims. After consolidation, the pretrial motions addressing the six plaintiffs' claims were primarily filed and litigated in the *Albanese* case. On May 5, 2022, Monsanto filed a motion to reconsider the circuit court's order consolidating the six individual claims. In its motion, Monsanto reiterated its argument that venue is appropriate only in St. Louis County. The six plaintiffs responded that, pursuant to section 508.010.9, venue should remain in the city of St. Louis, as that was where Monsanto's registered agent was located when each plaintiff was first injured by a Roundup product.

On June 8, 2022, the circuit court entered an order overruling Monsanto's motion to reconsider and eventually set the case for trial to begin January 23, 2023. Monsanto then filed a petition in this Court for a writ of mandamus or prohibition challenging the circuit court's order.[2] This Court issued a preliminary writ of prohibition.

---

[2] Prior to petitioning this Court for relief, Monsanto sought a writ of prohibition or mandamus in the court of appeals to compel transfer of venue. The court of appeals summarily denied Monsanto's petition. Monsanto, it should be noted, did not seek a writ from the court of appeals until January 13, 2023, and did not seek a writ from this Court until January 18, 2023, seven months after the circuit court overruled its motion to reconsider and only days before trial was set to begin. Such late filing of a writ petition on the eve of trial may be grounds for this Court in future cases to exercise its discretionary authority not to issue the writ, as suggested by the separate opinion of J. Draper.

**Standard of Review**

This Court has jurisdiction to issue original remedial writs pursuant to article V, section 4.1 of the Missouri Constitution. "The writ of prohibition, an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 355 (Mo. banc 2021) (internal quotation omitted).

> A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*Id.* (internal quotation omitted). This Court has recognized an extraordinary writ is appropriate to correct a circuit court's erroneous venue ruling. *State ex rel. Heartland Title Servs., Inc. v. Harrell*, 500 S.W.3d 239, 241 (Mo banc 2016).

**Analysis**

***Venue Pursuant to Section 508.010.5***

The issue before the Court is the proper venue for the plaintiffs' claims—whether venue is determined based on a defendant corporation's registered agent's location at the time suit is filed or based on the agent's location on the date of a plaintiff's first alleged injury. "Venue in Missouri is determined solely by statute." *State ex rel. Linthicum v. Calvin*, 57 S.W.3d 855, 857 (Mo. banc 2001) (internal quotation omitted). "In determining a statute's meaning, this Court's primary goal is to ascertain and give effect to the legislature's intent, as evidenced by the plain and ordinary meaning of the words used."

*Charter Commc'ns Ent. I, LLC v. Dir. of Revenue*, 667 S.W.3d 84, 87 (Mo. banc 2023) (citing *Beyond Housing, Inc. v. Dir. of Revenue*, 653 S.W.3d 400, 406 (Mo. banc 2022)).

All parties agree section 508.010 is the applicable statute governing venue for the plaintiffs' claims. Section 508.010.5 establishes venue determinations in all actions alleging a tort in which the plaintiff was first injured outside the state of Missouri:

> Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue shall be determined as follows:
> (1) If the defendant is a corporation, then **venue shall be in any county where a defendant corporation's registered agent is located** or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured[.]

Section 508.010.5 (emphasis added).

When applicable, section 508.010.5(1) establishes venue "in any county where a defendant corporation's registered agent is located[.]" The statute uses the present tense to describe the relevant location of the defendant corporation's registered agent, placing venue where the registered agent "**is** located," not where the registered agent *was* located on "the date the plaintiff was first injured." *See* section 508.010.5(1) (emphasis added). "[T]he date the plaintiff was first injured" is relevant by the terms of section 508.010.5(1) to venue determinations only when the plaintiff's first injury occurs outside the state of Missouri and the plaintiff's principal place of residence was in Missouri on that date. The past location of a registered agent, moreover, is irrelevant to the agent's primary purpose to "accept, on behalf of its client, service of process and other notices" at the time a case is initiated. *Sieg v. Int'l Env't Mgmt., Inc.*, 375 S.W.3d 145, 151 (Mo. App. 2012) (citing

5

*State ex rel. McDonald's Corp. v. Midkiff*, 226 S.W.3d 119, 125 (Mo. banc 2007)); *see also*

section 351.380.1 ("The registered agent so appointed by a corporation shall be an agent

of such corporation upon whom any process, notice, or demand required or permitted by

law to be served upon a corporation may be served."). By establishing venue in "any

county where a defendant corporation's registered agent is located[,]" section 508.010.5(1)

clearly provides venue based on the location of the defendant corporation's registered agent

at the time the case is filed.[3]

This common-sense interpretation of section 508.010.5(1) is further confirmed by

the statute's use of past tense, rather than the present tense, in other provisions in the same

subdivision assessing venue based on the plaintiff's principal place of residence. Section

508.010.5(1) utilizes past tense in providing "if the plaintiff's principal place of residence

**was** in the state of Missouri on the date the plaintiff **was** first injured, then venue may be

in the county of the plaintiff's principal place of residence on the date the plaintiff **was** first

injured[.]" (Emphasis added). By contrast, section 508.010.5(1) also provides, "If the

---

[3] Present tense language within venue statutes is commonly understood in Missouri and other jurisdictions as referring to the date of filing. *See, e.g.*, *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) ("[T]he plain text of [the relevant] provision, because it is expressed in the present tense, requires that instrumentality status be determined at the time suit is filed."); *Quinney v. Pittman*, 895 S.W.2d 538, 541 (Ark. 1995) (holding a statute using present tense verb permitted the plaintiff to file suit in the county of his residence "at the time of the filing of the complaint"); *Personal Audio, LLC v. Google, Inc.,* 280 F. Supp. 3d 922, 924 (E.D. Tex. 2017) (holding, because the applicable venue statute used present tense language, "venue facts are to be examined as of the date the suit is filed"); *DesJardin v. Lynn*, 149 N.W.2d 228, 230-31 (Mich. Ct. App. 1967) (holding, because the venue statute used present tense verbs, venue was determined by the defendant's establishment at the time of the suit).

defendant is a corporation, then venue shall be in any county where a defendant's registered agent **is** located[.]" (Emphasis added). The legislature's use of contrasting verb tenses, particularly within the same subdivision of a statute, is a significant indicator in statutory construction and confirms the plain language of section 508.010.5(1), providing for venue in any county where the defendant corporation's registered agent **is** located, was not accidental. *C.f., e.g.*, *Quinney*, 895 S.W.2d at 541 (holding the Arkansas legislature's use of both present and past tenses in different subsections of a venue statute was "obviously intentional" and the subsection using present tense verbs permitted "plaintiff to file suit for fraud in the county of his residence at the time of the filing of the complaint"); *United States v. Wilson*, 503 U.S. 329, 333 (1992) ("By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence.").

The plaintiffs contend section 508.010.5 should be read in conjunction with section 508.010.9. Section 508.010.9 provides, "In all actions, venue shall be determined as of the date the plaintiff was first injured." Throughout section 508.010, language similar to subsection 9 is repeated in various provisions assessing venue based on the plaintiff's principal place of residence. *See* section 508.010.5(1)-(3). Section 508.010.9 evidences the legislature's intent to clarify that, when venue is based on the plaintiff's principal place of residence, it "shall be determined as of the date the plaintiff was first injured." As noted, however, the legislature left out this language in the phrasing related to the defendant corporation's registered agent in section 508.010.5(1). This signifies the legislature's intent to not apply "the date the plaintiff was first injured" to the phrase "in any county

7

where a defendant corporation's registered agent is located." *C.f. State v. Moore*, 303 S.W.3d 515, 520-21 (Mo. banc 2010) (citing *Armco Steel v. City of Kan. City, Mo.*, 883 S.W.2d 3, 7 (Mo. banc 1994) ("The legislature's use of different terms in different subsections of the same statute is presumed to be intentional and for a particular purpose.")). More importantly, section 508.010.5(1) applies "[n]otwithstanding any other provision of law[.]" Section 508.010.5. Because section 508.010.5 is plain, clear and applies "[n]otwithstanding any other provision of law," section 508.010.9 does not apply as plaintiffs contend. *See Kidde Am., Inc. v. Dir. of Revenue*, 242 S.W.3d 709, 711-12 (Mo. banc 2008) (holding the phrase "[n]otwithstanding any other provision of the law to the contrary … overrides all provisions that would otherwise be applicable") (alteration in original).

As each plaintiff in this tort action alleges residence and first injury outside the state of Missouri and because Monsanto is a defendant corporation, venue lies only "in any county where a defendant corporation's registered agent **is** located[.]" Section 508.010.5(1) (emphasis added). There is no dispute as to the location of Monsanto's registered agent as of the date each plaintiff's petitions was filed – St. Louis County. Because the plain language of section 508.010.5(1) mandates venue shall be where Monsanto's registered agent is located as of filing – St. Louis County – the circuit court exceeded its authority by refusing to transfer venue to St. Louis County as Monsanto requested as to plaintiffs Griswold, Sadowski, Powers, Sisk, and Eugster. Writ relief is warranted. *Cundiff*, 632 S.W.3d at 355 ("A writ of prohibition is appropriate … to remedy an excess of authority[.]").

*Venue as to Plaintiff Swanson*

Because Monsanto did not file a timely motion to transfer venue as to plaintiff Swanson, however, Swanson's claims shall remain in the city of St. Louis. Rule 51.045(a) provides that a party seeking transfer of venue shall file a motion alleging improper venue within 60 days of service. In this case, Swanson served Monsanto on November 17, 2021, with his individual petition for damages. Monsanto's motion to challenge venue in Swanson's case was due January 16, 2022. As Monsanto admits, it did not file a motion to transfer venue as to Swanson by January 16, 2022, as required by Rule 51.045(a).

Monsanto, nonetheless, argues it did not waive its improper venue objection. Monsanto contends its prior motion to transfer venue filed in *Albanese* became operative as a timely motion to transfer venue as to Swanson upon the circuit court consolidating Swanson's case with the *Albanese* case.

Monsanto's arguments are unavailing. Monsanto filed a motion to sever and transfer venue in *Albanese* on December 26, 2019. Two years later, on December 17, 2021, the circuit court consolidated Swanson's claims with the other five plaintiffs' claims into the *Albanese* case. The motion to sever and change of venue filed in *Albanese* before the consolidation of Swanson's claims with the other plaintiffs' claims cannot serve as a motion to transfer venue as to Swanson. There is simply no legal basis, caselaw or otherwise, to support Monsanto's position that a prior motion to transfer venue that does not mention or relate to Swanson somehow constitutes a motion to transfer venue as to Swanson. Monsanto must raise claims of improper venue as to Swanson's claims to be

9

entitled to a change of venue for those claims, but Monsanto failed to timely request transfer of Swanson's claims to the proper venue. Rule 51.045(a).

The motion for reconsideration Monsanto filed May 5, 2022, raising its objection to venue after the six plaintiffs' claims were consolidated also cannot constitute a timely motion to transfer venue as to Swanson because the motion for reconsideration was filed more than 60 days after Swanson served Monsanto with his petition on November 17, 2021. The motion for reconsideration was untimely under Rule 51.045(a) as to Swanson. Monsanto, therefore, waived its claim of improper venue as to Swanson's claims.

## Conclusion

Because the circuit court exceeded its authority by refusing to transfer venue to St. Louis County as requested by Monsanto as to plaintiffs Griswold, Sadowski, Powers, Sisk, and Eugster, writ relief is warranted. *Cundiff*, 632 S.W.3d at 355 ("A writ of prohibition is appropriate … to remedy an excess of authority[.]"). The preliminary writ is made permanent as to the claims made by these plaintiffs, and the circuit court is prohibited from taking any further action regarding these plaintiffs other than transferring their claims to St. Louis County.[4]

---

[4] Monsanto also argues it is entitled to writ relief because section 507.040 as amended in 2019 prohibits joinder of plaintiffs' claims and, with respect to the claims of Powers and Sisk, the circuit court did not rule on Monsanto's motion to transfer venue within 90 days. Because the plain language of section 508.010.5 resolves this matter, it is not necessary for this Court to consider these separate arguments.

The circuit court, however, may proceed to preside over Swanson's claims in the city of St. Louis as Monsanto waived its claim of improper venue as to plaintiff Swanson.

_____
W. Brent Powell, Judge

Russell, C.J., Breckenridge, Fischer, Ransom
and Wilson, JJ., concur; Draper, J., dissents in part
and concurs in part in separate opinion filed.

11



# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL. MONSANTO COMPANY,   )
                                 )
       Relator,                    )
                                 )
v.                                   )         No.  SC99942
                                 )
THE HONORABLE MICHAEL MULLEN,   )
                                 )
       Respondent.         )

## OPINION CONCURRING IN PART AND DISSENTING IN PART

I believe venue should remain in the City of St. Louis for all of the underlying cases. Further, I would not exercise this Court's discretionary writ authority due to Monsanto Company's untimely motion made on the cusp of trial. Accordingly, I dissent from the principal opinion making the preliminary writ permanent as to plaintiffs Martin Griswold, Angela Sadowski, Steven Powers, Derrick Sisk, and Linda Eugster. I concur in the principal opinion's result with respect to Corey Swanson's claims.

 

_____
GEORGE W. DRAPER III, Judge